**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**
Civil Action No.

Jeremy Pratt,
Robert J. Ruffner, and
John Tebbetts,
on their own behalf and
on behalf of all others similarly situated,

    Plaintiffs,

v.

Securus Technologies, Inc.,

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiffs Jeremy Pratt, Robert Ruffner and Jack Tebbetts, by and through their undersigned counsel, file this Class Action Complaint for damages and injunctive relief against the above-listed Defendant Securus Technologies, Inc. ("Securus")

### STATEMENT OF THE CASE

1. The Supreme Court ruled in <u>Upjohn Co. v. United States</u> (1981) that "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients, and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client."

2. Defendant Securus, under contract with county jails in Maine, intercepted and recorded phone calls between inmates and their attorneys, violating the sanctity of the Attorney-Client privilege.

3. These recorded calls between an inmate and their attorney have often been turned over to the office of the Maine Attorney General and, upon information and belief, local District Attorneys responsible for criminal proceedings involving the inmate.

4. The illegal interception and recording violates Maine and Federal recording and wiretapping laws.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Jeremy Pratt is a resident of Knox county, Maine.

6. Plaintiff Robert J. Ruffner is a resident of Cumberland county, Maine.

7. Plaintiff John W. Tebbetts is a resident of Aroostook county, Maine.

8. Defendant Securus, headquartered in Texas, does substantial business in Maine.

9. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Federal Wiretapping Laws, Federal Wiretap Act, 18 U.S.C. § 2510 et seq.

10. Plaintiffs request that this Court exercise supplemental jurisdiction over their claims under the laws of Maine, pursuant to 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims of the named Plaintiffs occurred in the District of Maine, and the Defendant conducts substantial business in the state of Maine.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

### Securus Intercepts and Records Attorney-Client Conversations.

12. Securus entered into contracts with Maine jails to provide telecommunication services for inmates.

13. Securus intercepts and recorded inmates' calls.

14. Interception and recording of attorney-client privileged calls is illegal under Maine law and therefore under the federal wiretapping law.

15. Securus failed to screen out Attorney-Client privileged calls, and then illegally intercepted these calls and distributed them to jail administrators who are often law enforcers. In some cases the recordings have been shared with District Attorneys.

16. Since July 2019, Securus has recorded over 800 calls between Attorneys and inmates at the Androscoggin, Aroostook, Franklin and Somerset county jails, encompassing over 150 inmates and 30 law firms and/or attorneys. Annexed hereto as Exhibits A, B and C are redacted spreadsheets listing the calls Securus recorded between attorneys and their inmate clients at the Androscoggin, Aroostook and Franklin county jails, respectively. Plaintiffs have redacted the names of inmates as well as the phone numbers of attorneys and attorneys' offices they have called. An unredacted version of these exhibits can be filed under seal at the Court's discretion.

17. Copies of these recordings have on several occasions been handed over to local District Attorneys and/or the Office of the Attorney General.

### Securus Records and Transmits Attorney-Client Communications between Plaintiffs Ruffner and/or Tebbetts and their client to the Maine Attorney General

18. Plaintiff Attorney John Tebbetts and Plaintiff Attorney Robert Ruffner represent inmate John Doe in the in an ongoing criminal matter. Inmate John Doe is currently in the Aroostook county jail.

19. Between August 2019 and the present, Plaintiff Tebbetts, Plaintiff Ruffner or someone from their respective offices had many telephone conversations with inmate John Doe in which the inmate sought legal advice.

20. Such conversations are protected by the Attorney-Client privilege.

21. In May 2020 the office of the Maine Attorney General contacted Plaintiff Ruffner, who is acting as co-counsel of Plaintiff Tebbetts with regard to inmate John Doe, to inform Plaintiff Ruffner that they received recordings of hundreds of calls from Securus between and either Tebbetts, someone from Tebbetts' office or Plaintiff Ruffner.

22. The representative from the AG's office could not confirm how many of the calls were privileged. Instead, they provided Plaintiffs Ruffner and Tebbetts with a copy of the recorded calls and asked them to screen out privileged calls.

23. The AG's office further informed Tebbetts that they became aware they had calls between inmate John Doe and either Plaintiffs Ruffner, Plaintiff Tebbetts' or someone from either Plaintiff Ruffner or Tebbetts' office because a Detective listened to the recordings and recognized Tebbetts' voice.

24. Plaintiff Tebbetts and personnel in Tebbetts' office have been diligently reviewing the recorded calls provided by the AG's office and to date have confirmed that several are protected by the Attorney-Client privilege.

25. In August 2020, Plaintiff Tebbetts was provided with a list of calls that were recorded by Securus at the Aroostook county jail which includes a list of individuals who have listened to the calls or downloaded them for later listening. A redacted list of these calls is annexed hereto as Exhibit D. As with Exhibits A-C, Plaintiffs can file the un-redacted version of this spreadsheet at the Court's direction.

### Securus Records and Transmits Attorney-Client Communications between Plaintiff Pratt and his client to the Maine Attorney General

26. Plaintiff Attorney Jeremy Pratt represents an inmate in an ongoing criminal proceeding. Plaintiff Pratt's client is currently incarcerated at the Somerset county jail.

27. Plaintiff Pratt was contacted by an Assistant Attorney General for the State of Maine in April 2020 who informed Plaintiff Pratt that in reviewing recordings of jail calls he recognized Plaintiff Pratt's voice on a call with his client.

28. This call was protected by the Attorney-Client privilege.

29. Plaintiff Pratt was given a copy of the recorded call, but was not informed if other calls with his client had been recorded or reviewed.

### RULE 23 CLASS ACTION ALLEGATIONS

30. The named Plaintiffs asserts their claims as a Fed. R. Civ. P. 23 class action on their own behalf and on behalf of a class for which Plaintiffs seeks certification.

31. Pending any modifications necessitated by discovery, the named Plaintiffs preliminarily define the following classes:

> ALL CURRENT AND FORMER INMATES AND ATTORNEYS, EXCLUDING ATTORNEYS FOR THE PLAINTIFF, WHOSE CALLS WERE IMPROPERLY INTERCEPTED, RECORDED, OR DISCLOSED.

32. Upon information and belief, the Defendant illegally recorded the calls between class member inmates and class member attorneys in substantially the same way.

33. The putative classes are so numerous that joinder of all potential class members is impracticable. Plaintiffs do not know the exact size of each of the classes since that information is within the control of Defendant, but the number is many hundreds.

34. There are questions of law or fact common to the classes which predominate over any individual issues that might exist. Common questions of law and fact include: whether Securus's interception and recording of attorney-client calls violated state and federal law.

35. The class claims asserted by the Plaintiffs are typical of the claims of all of the potential class members. This is an uncomplicated case where the facts are clear, but the Defendant may claim the conduct was legal. The class claims are typical of those pursued by victims of these violations. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy.

36. The named Plaintiffs will fairly and adequately protect and represent the interests of the class.

37. The named Plaintiffs are represented by counsel experienced in class action.

38. The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendant.

39. Each class member's claim is relatively small. Thus, the interest of potential class members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and the pertinent state laws are appropriate vehicles to vindicate the rights of those employees with small claims as part of the larger class.

40. Plaintiffs are unaware of any members of the putative class who are interested in presenting their claims in a separate action.

41. Plaintiffs are unaware of any pending litigation commenced by members of any of the classes concerning the instant controversy.

42. It is desirable to concentrate this litigation in one forum.

43. This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of the case to both class litigation and the use of representative testimony and representative documentary evidence.

44. The contours of the classes will be easily defined by reference to Defendant's records matched against attorney phone numbers.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **VIOLATION OF FEDERAL WIRETAP ACT, 18 U.S.C. § 2510 et seq.**

45. The Plaintiffs incorporate all previous paragraphs.

46. Plaintiffs bring this claim on their own behalf and on behalf of the Class.

47. The named Plaintiffs and others similarly situated were inmates and attorneys whose attorney-client calls were intercepted and recorded by the Defendant.

48. The Defendant used a device to intercept the class members attorney-client communications.

49. That device was affixed to the wires of the calling system used in wire communication.

50. Subsequently the Defendant intentionally disclosed the intercepted conversations to third parties.

51. Under 18 U.S.C. § 2520 the Plaintiffs and class are entitled to actual and statutory damages, punitive damages, costs and attorneys fees.

52. The Plaintiffs demands preliminary and declaratory equitable relief requiring Securus to cease recording inmate calls unless it can screen out attorney-client privilege calls. Plaintiffs demand that a copy of all calls be produced to class counsel to be held in trust and turned over to the affected class members upon future request, and then that the defendant be ordered to destroy all copies of illegally recorded calls.

## COUNT II:
## VIOLATIONS OF 15 M.R.S. § 710 ET SEQ, INTERCEPTION OF WIRE AND ORAL COMMUNICATIONS

53. Plaintiffs incorporate all previous paragraphs.

54. The Defendant knowingly and intentionally intercepted oral and wire attorney-client communications interfering with the attorney-client privilege.

55. The Defendant knowingly and intentionally disclosed oral and wire attorney-client communications interfering with the attorney-client privilege by providing them to the jails.

56. Under 15 M.R.S. § 711 the Plaintiffs and class are entitled to actual damages, liquidated damages, and attorneys fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiffs respectfully requests that this Court enter an order or orders:

a. Awarding Plaintiffs and Class damages and liquidated damages, punitive damages, attorneys fees, and costs under 18 U.S.C. § 2520 and 15 M.R.S. § 711.

b. Awarding Plaintiffs and the class injunctive relief preventing the Defendant from intercepting, recording, and distributing inmate calls unless they know they are not between inmates and their attorneys. Furthermore, Plaintiffs demands that a copy of all calls be produced

to class counsel to be held in trust and provided to affected class members upon request and then that the recordings be destroyed.

      c.      Awarding Plaintiffs and the Class pre- and post-judgment interest as permitted by law; Granting such other relief as this Court deems just and proper.

Dated: August 13, 2020

                                              Respectfully Submitted,

/s/ Robert P. Cummins
Robert P. Cummins
The Cummins Law Firm, P.C.
Two Canal Plaza
(o) 207 553-4712
(m) 312 622-6321
P.O. Box 4600
Portland, ME 04112-4600


/s/ Benjamin N. Donahue
Benjamin N. Donahue
Hallett, Whipple & Weyrens, P.A.
Six City Center
P.O. Box 7508
Portland, Maine 04112-7508
Tel - 207.775.4255
Fax - 207.775.4229
www.hww.law
bdonahue@hww.law


/s/Andrew Schmidt
Andrew Schmidt, Esq.
Peter Mancuso, Esq
Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
(207) 619-0884
Andy@maineworkerjustice.com
Peter@maineworkerjustice.com


*Attorneys for the Plaintiffs*