UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JEREMY PRATT, ROBERT J. RUFFNER, and JOHN TEBBETTS, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 1:20-cv-00295-JDL |

**MOTION TO STRIKE CLASS ALLEGATIONS
BY DEFENDANT SECURUS TECHNOLOGIES, LLC
(f/k/a SECURUS TECHNOLOGIES, INC.)**

## TABLE OF CONTENTS

                                                                                         **Page**

I.    INTRODUCTION ................................................................................................- 1 -

II.   RELEVANT FACTS ...........................................................................................- 2 -

III.  ARGUMENT ......................................................................................................- 3 -

       A.     Governing Legal Standard ......................................................................- 3 -

       B.     The Proposed Class Is Facially Overbroad, And The Named,
             Putative Class Representatives Are Subject To Unique Defenses.....- 4 -

       C.     The Proposed Class Presents Difficulties In Management,
             Administrative Feasibility And The Ascertainability Of
             Members For Whom Individual Issues Will Predominate....................- 8 -

IV.  CONCLUSION.................................................................................................- 10 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Schlesinger v. Reservists Comm. to Stop the War*,
  418 U.S. 208 (1974) .................................................................................... 4, 7

*Acosta v. U.S. Marshals Service*,
  445 F.3d 509 (1st Cir. 2006) ............................................................................. 7

*AstraZeneca AB v. United Food & Commercial Workers Unions*,
  777 F.3d 9 (1st Cir. 2015) ................................................................................. 8

*In re Bank of Boston Corp. Sec. Litig.*,
  762 F. Supp. 1525 (D. Mass. 1991) .................................................................. 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................... 4

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013) ......................................................................................... 3, 4

*Erickson v. Elliot Bay Adjustment Co.*,
  No. C16-0391JLR, 2017 U.S. Dist. LEXIS 48274, 2017 WL 1179435
  (W.D. Wash. Mar. 30, 2017) ............................................................................. 9

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147 (1982) ....................................................................................... 3, 4

*Gray v. Cummings*,
  917 F.3d 1 (1st Cir. 2019) ................................................................................. 6

*Hunt v. Blackburn*,
  128 U.S. 464 (1888) .......................................................................................... 5

*Johnson v. Daley*,
  339 F.3d 582 (7th Cir. 2003) ............................................................................. 7

*Jones v. Bock*,
  549 U.S. 199 (2007) .......................................................................................... 6

*Manning v. Boston Med. Ctr. Corp.*,
  725 F.3d 34 (1st Cir. 2013) ............................................................................... 3

*Murphy v. Magnusson*,
   No. 98-439-P-C, 1999 U.S. Dist. LEXIS 12598, 1999 WL 615895 (D. Me. July 27, 1999) ............................................................................................. 7

*Porter v. Nussle*,
   534 U.S. 516 (2002) ........................................................................................... 7

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................... 4

*Town of Lexington v. Pharmacia Corp. Solutia*,
   No. 12-cv-11645, 2015 U.S. Dist. LEXIS 36814 (D. Mass. Mar. 24, 2015) ............................................................................................................ 4, 9

*United States v. Lowe*,
   948 F. Supp. 97 (D. Mass. 1996) ....................................................................... 5

*United States v. Novak*,
   531 F.3d 99 (1st Cir. 2008) ................................................................................ 5

*Wenokur v. AXA Equitable Life Ins. Co.*,
   No. CV-17-00165-PHX-DLR, 2017 U.S. Dist. LEXIS 162812, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017) ............................................................... 8

*Wilson v. Brown*,
   No. 05-cv-1774-BAS-MDD, 2015 U.S. Dist. LEXIS 166443 (S.D. Cal. Dec. 11, 2015) .................................................................................................. 6

*Yagman v. Allianz Ins.*,
   No. LA CV15-00921 JAK (JCx), 2015 U.S. Dist. LEXIS 127884, at *12, 2015 WL 5553460 (C.D. Cal. May 11, 2015) .............................................. 9

**Statutes**

42 U.S.C. § 1997e(a) .............................................................................................. 6, 7

18 U.S.C. § 2510 ......................................................................................................... 2

**Other Authorities**

Federal Rule of Civil Procedure 23 ................................................................ *passim*

Federal Rule of Civil Procedure 12 ...................................................................... 1, 3

## I. INTRODUCTION

This case presents a putative class action that describes such a facially overbroad class for whose members individual issues will so overwhelmingly predominate the litigation that the class allegations should be stricken.

The named plaintiffs are three attorneys, Jeremy Pratt, Robert Ruffner and Jack Tebbetts (collectively, "Plaintiffs"), who allege that Securus Technologies, LLC f/k/a Securus Technologies, Inc. ("Securus") violated wiretap laws when it "recorded phone calls between inmates and their attorneys," and "distributed" the recordings "to jail administrators who are often law enforcers." ECF No. 1 (Compl.) ¶¶ 2, 15.

Plaintiffs purport to bring claims on behalf of a single class that includes *all* former and current inmates and attorneys whose calls were recorded—without any temporal or geographic limitation, regardless of the facility housing the inmates, without identifying the impacted calls as including privileged communications, and without even relating to any act or omission by Securus. ECF No. 1 (Compl.) ¶ 31. This proposed class definition is so indeterminate and overbroad that it guarantees the inclusion of individuals who have no injury and no claim. It also guarantees that individualized issues, as opposed to common questions, will predominate.

Based on these and other infirmities discussed below, Securus invokes Federal Rules of Civil Procedure 12(f), 23(b)(3), 23(c)(1)(A), and 23(d)(1)(D) to strike the class allegations. Among those problems already generally described above, Plaintiffs' claims—the viability of which is subject to separate attack by a concurrently filed motion to dismiss—are also facially atypical of the far-reaching proposed class and

subject to unique defenses. There are also obvious difficulties in managing this unwieldy class that prevent it from accurately being deemed "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court should therefore strike the class allegations as detailed below.

## II. RELEVANT FACTS

The named Plaintiffs in this putative class action are three attorneys, but their proposed class includes "ALL CURRENT AND FORMER INMATES AND ATTORNEYS," apparently without any geographic restriction whatsoever. ECF No. 1 (Compl.) ¶ 31. Plaintiffs also impose no time limitation on any purported wrongdoing, and do not even confine the wrongdoing relevant to class membership to the asserted claims—alleged violations by Securus of the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* and its Maine counterpart, 15 M.R.S. § 710 *et seq.* Plaintiffs' core allegation is that "Securus failed to screen out Attorney-Client privileged calls, and then illegally intercepted these calls and distributed them to jail administrators." ECF No. 1 (Compl.) ¶ 15. But the putative class definition more broadly embraces all "IMPROPERLY INTERCEPTED, RECORDED, OR DISCLOSED" calls, with no mention of Securus or privilege. *Id* ¶ 31.

Plaintiffs also do not identify the Rule 23(b) theory they intend to certify this proposed class, and instead generally allude to aspects of each Rule 23(b) subsection. Thus, they make conclusory allegations that "[t]here are questions of law or fact common to the classes which predominate over any individual issues that might exist," appearing to invoke Rule 23(b)(3). *Id.* ¶ 34. Plaintiffs also simply assert that

"[t]he prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendant," appearing to invoke Rule 23(b)(1). *Id.* ¶ 38. By praying for classwide injunctive relief, Plaintiffs even appear to invoke Rule 23(b)(2). *Id.* at Prayer ¶ b.

## III. ARGUMENT

### A. Governing Legal Standard

"The class action is an 'exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)). "To come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). "The Supreme Court has recognized that '[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.'" *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

"If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Id.* Pursuant to this broad power, a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Use of this tool is a

permissible means of rendering a decision on class certification "[a]t an early practicable time after a person sues." Fed. R. Civ. P. 23(c)(1)(A). Indeed, the Supreme Court has identified a number of dangers of allowing a facially uncertifiable class to proceed to discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007).

Among other things, a plaintiff must plausibly plead the existence of "'sufficiently numerous parties, common questions of law or fact,' typicality of claims or defenses and adequacy of representation, as required by Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Dukes*, 131 S. Ct. at 2551). These last three requirements "tend to merge." *Falcon*, 457 U.S. at 158 n.13. A maintainable class action must likewise allege facts supporting at least one provision of Rule 23(b), otherwise it is subject to being stricken. *See, e.g., Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations for failure to satisfy Rule 23(b)(3)). Perhaps most fundamentally, "a class definition 'must have some relation to the Defendant's activities.'" *Town of Lexington v. Pharmacia Corp. Solutia*, No. 12-cv-11645, 2015 U.S. Dist. LEXIS 36814, at *20 (D. Mass. Mar. 24, 2015) (quoting *Rowe v. E.I. Dupont de Nemours & Co.*, 262 F.R.D. 451, 455 (D.N.J. 2009)).

### B. The Proposed Class Is Facially Overbroad, And The Named, Putative Class Representatives Are Subject To Unique Defenses.

The federal rules require that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). To be typical, a class representative should "possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974). Among other things, the required

typicality is absent if the representative plaintiffs are "subject to unique defenses that would divert attention from the common claims of the class." *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991).

In this case, the named Plaintiffs are attorneys, and they are not typical of the inmates whom they seek to sweep into their broad class definition. Among other things, the attorney-client privilege upon which Plaintiffs premise their asserted wiretap claims exist for the benefit of the client, not the attorney. *See Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) (pronouncing that "the privilege is that of the client alone"). Attorneys thus lack independent standing to assert the privilege. *See, e.g., United States v. Novak*, 531 F.3d 99, 103 (1st Cir. 2008) (reversing the exclusion of recordings of calls between an attorney and his incarcerated client from a trial of the attorney's own crimes because his inmate client had been cautioned "that the call was subject to monitoring and recording" and accordingly "consented" to it); *United States v. Lowe*, 948 F. Supp. 97, 98 (D. Mass. 1996) (ordering the production of otherwise privileged documents and collecting cases to establish that attorneys lack independent standing to assert the attorney-client privilege for themselves). This unique standing defense to Plaintiffs' claims will "divert attention from the common claims of the class." *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. at 1532.

Plaintiffs' claims lack typicality as well because they seek injunctive relief, but the former inmates they include within the class definition lack standing to join in obtaining that remedy. This is because there is no "'sufficient likelihood that [they] will again be wronged in a similar way'"—an essential requirement for standing to

sue for injunctive relief. *Gray v. Cummings*, 917 F.3d 1, 19 (1st Cir. 2019) (quoting *Am. Postal Workers Union v. Frank*, 968 F.2d 1373, 1376 (1st Cir. 1992)). Indeed, former inmates are not sufficiently likely to reencounter the principal harm alleged in this case—of having their privileged phone calls (made while incarcerated) intercepted, recorded, or distributed—precisely because they are no longer in jail.

Illustrative of this rationale is *Wilson v. Brown*, No. 05-cv-1774-BAS-MDD, 2015 U.S. Dist. LEXIS 166443 (S.D. Cal. Dec. 11, 2015). In that case, a prisoner under the supervision of the California Department of Corrections brought a putative class action alleging that his denial of constitutionally adequate medical care at the Calipatria State Prison resulted in "valley fever." *Id.* at *2. Among other things, the plaintiff sought an injunction to "rectify existing inadequacies in preventative health care policies and procedures at Calipatria." *Id.* at *11. The district court rejected his standing to seek injunctive relief because he had been transferred to another facility and had "no immediate prospect" of returning to Calipatria. *Id.* at *12.

The current inmates that Plaintiffs seek to bring within their broad class definition also present a typicality problem for the pleaded class. For current inmates, federal law mandates the exhaustion of administrative remedies before they can bring any action regarding the conditions of their incarceration. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until the administrative remedies available are exhausted."); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under

the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, . . . whether they allege excessive force or some other wrong.").

Because Section 1997e(a) applies to "prisoners (and only prisoners)," *Johnson v. Daley*, 339 F.3d 582, 591 (7th Cir. 2003), it is unsurprising that Plaintiffs tried to bring this lawsuit without any current inmates as class representatives. But that strategy simultaneously exposed Plaintiffs to the standing problem described above, and renders the current inmates in the class subject to a unique exhaustion defense. *See, e.g., Acosta v. U.S. Marshals Service,* 445 F.3d 509, 512 n.2 (1st Cir. 2006) (affirming grant of motion to dismiss inmate claim for failure to exhaust administrative remedies under the PLRA); *see also Murphy v. Magnusson*, No. 98-439-P-C, 1999 U.S. Dist. LEXIS 12598, at *9-10, 1999 WL 615895 (D. Me. July 27, 1999) (holding that even if certain remedies are unavailable in Maine's administrative procedures, exhaustion is still required before bringing suit).

In short, the named Plaintiffs, as proposed class representatives, do not "possess the same interest and suffer the same injury shared by all members of the class.*" Schlesinger*, 418 U.S. at 216. Their position is not typical of other members of the putative class, large categories of people within the class are subject to unique defenses, and the Court should accordingly strike the class allegations.

### C. The Proposed Class Presents Difficulties In Management, Administrative Feasibility And The Ascertainability Of Members For Whom Individual Issues Will Predominate.

As Plaintiffs also invoke Rule 23(b)(3), the Court enjoys an independent justification to strike the class allegations. They so utterly fail to provide any reasonable parameters to their class definition that it creates problems in both management and ascertainability. In the First Circuit, "[t]he definition of the class must be 'definite,' that is, the standards must allow the class members to be ascertainable." *AstraZeneca AB v. United Food & Commercial Workers Unions*, 777 F.3d 9, 19 (1st Cir. 2015). "As an 'essential prerequisite of a class action,' plaintiffs 'must show, by a preponderance of the evidence, that the class is currently and readily ascertainable based on objective criteria.'" *Id.* (quoting *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir.2013)). Additionally, "the court must be satisfied that, prior to judgment, it will be possible to establish a mechanism for distinguishing the injured from the uninjured class members." *AstraZeneca*, 777 F.3d at 19.

Plaintiffs' proposed class definition is plainly overbroad. Among other things, it includes no geographical limitation, creating a potential problem for the exercise of personal jurisdiction by this Court over the claims of absent class members. *See, e.g., Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165-PHX-DLR, 2017 U.S. Dist. LEXIS 162812, *12, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017) (observing that a federal court "lacks personal jurisdiction over the claims of putative class members with no connection to [the forum state] and therefore would not be able to certify a nationwide class") (citing *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017)); *cf. Torrent v. Yakult U.S.A., Inc.*, No. SACV 15-00124-CJC(JCGx), 2015 U.S. Dist.

LEXIS 92142, at *13-14, 2015 WL 4335076 (C.D. Cal. Jul. 14, 2015) (striking class definition due to ambiguity about its geographic requirements, among other defects).

The class definition similarly includes no temporal limitations, and "therefore includes prospective class members who would not satisfy the [applicable] statute[s] of limitation." *Erickson v. Elliot Bay Adjustment Co.*, No. C16-0391JLR, 2017 U.S. Dist. LEXIS 48274, at *32, 2017 WL 1179435 (W.D. Wash. Mar. 30, 2017); *see also, e.g., Grivas v. Metagenics, Inc.*, No. SACV 15-01838-CJC(DFMx), 2018 U.S. Dist. LEXIS 227492, at *19, 2018 WL 6185978 (C.D. Cal. Mar. 19, 2018) (granting motion to strike because "the issue of the temporal span of [the plaintiff's] putative class is presently appropriate for adjudication. . . . [and he] cannot represent class of individuals who 'at any time' purchased the Class Products"); *Torrent*, 2015 U.S. Dist. LEXIS 92142, at *14 (granting motion to strike class definition due to its inclusion of a start date earlier than the operative limitations period would permit).

Plaintiffs' proposed class definition also includes potential class members with no claim relating to the supposed privilege violation—indeed, with no claim against Securus—because the class definition does not specify any act or omission by Securus impacting the class members in any way. Of course, "a class definition '*must* have some relation to the Defendant's activities.'" *Town of Lexington*, 2015 U.S. Dist. LEXIS 36814, at *20 (quoting *Rowe*, 262 F.R.D. at 455) (emphasis added). The failure of Plaintiffs to include this mandatory connection to Securus warrants the Court striking the class to avoid "inject[ing] significant uncertainty as to the scope of discovery and other pre-trial proceedings." *Yagman v. Allianz Ins.*, No. LA CV15-

00921 JAK (JCx), 2015 U.S. Dist. LEXIS 127884, at *12, 2015 WL 5553460 (C.D. Cal. May 11, 2015).

At bottom, Plaintiffs' proposed class definition is so fraught with problems of overbreadth and imprecision that allowing the case to proceed until a much later class certification motion will invite "difficulties in managing [the] class action." Fed. R. Civ. P. 23(b)(3)(D). It raises serious questions about whether individual issues will "predominate" over those of the proposed class, and thus whether proceeding with this case as "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* at 23(b)(3).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Securus respectfully requests that this Court strike Plaintiffs' class allegations from the complaint.

Dated:   October 15, 2020          Respectfully submitted,

         */s/ Rebecca Gray Klotzle*
         Rebecca Gray Klotzle
         CURTIS THAXTER LLC
         One Canal Plaza, Suite 1000
         P.O. Box 7320
         Portland, ME 04112-7320
         Tel: 207-774-9000
         Email: rklotzle@curtisthaxter.com
                  service@curtisthaxter.com

         Admitted *Pro Hac Vice*:
         Adam R. Fox (CABN 220584)
         Gabriel Colwell (CABN 216783)
         Marisol C. Mork (CABN 265170)
         Squire Patton Boggs (US) LLP
         555 South Flower Street, 31st Floor

Los Angeles, California 90071
Telephone: (213) 624-2500
Email: adam.fox@squirepb.com
       gabriel.colwell@squirepb.com
       marisol.mork@squirepb.com

*Counsel for Defendant*
*Securus Technologies, LLC, f/k/a Securus Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause an electronic notice to be sent to all registered counsel of record.


Dated: October 15, 2020
/s/ *Rebecca Gray Klotzle*
Counsel for Defendant
Securus Technologies, LLC,
f/k/a Securus Technologies, Inc.