**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**
Civil Action No. 1:20-cv-00295-JDL

JEREMY PRATT,
ROBERT J. RUFFNER,
JACK TEBBETTS,
STEVEN BELLEAU, and
MATTHEW PERRY
on their own behalf and
on behalf of all others similarly situated,

      Plaintiffs,

v.

SECURUS TECHNOLOGIES, INC.,

      Defendant.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT SECURUS TECHNOLOGIES, INC.'S
MOTION TO DISMISS**

---

Having been defeated across the nation in similar cases,[1] Defendant Securus Technologies,

LLC (f/k/a Securus Technologies, Inc.) ("Securus") in their Motion to Dismiss ("Securus'

Motion") flips the motion to dismiss standard on its head. The Plaintiffs' simple claim is set forth

in the First Amended Complaint ("FAC"): Securus intercepted Plaintiffs' calls in violation of the

Maine and Federal wiretap acts (the "Wiretap Acts"); Securus undeniably intended to record these

calls; and these interceptions violated Plaintiffs' privacy interests giving rise to the *de facto*

damages contemplated in the Wiretap Acts and their common law antecedents. That is all the FAC

has to do to survive Securus' Motion, and those facts are not just plausible but essentially

undisputed. This is not the time for affirmative defenses.

---

[1] *Austin Lawyers Guild, et al. v. Securus Technologies, Inc., et al.*, No. 1:14-cv-366 (W.D. Tex.,) – filed April 29, 2014; *Romeo v. Securus Technologies, Inc.*, No. 3:16-cv-1283 (S.D. Cal.) – filed May 27, 2016; *Crane v. Corrections Corporation of America*, No. 4:16-cv-947 (W.D. Mo.) – filed August 31, 2016; *Huff, et al. v. Corecivic, Inc., et al*, No. 2:17-cv-2320 (D. Kan.) – filed June 1, 2017.

**ARGUMENT**

In considering a motion to dismiss, all factual allegations in the complaint are to be accepted as true and all reasonable inferences are to be decided in favor of the plaintiff. *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). The Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ. P. 8. Factual allegations in a complaint must only "raise a right to relief above the speculative level" and contain sufficient "facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

## I.   PLAINTIFFS HAVE STANDING.

Securus' half-hearted standing argument fails. Plaintiffs allege that Securus recorded and distributed their calls in violation of the Wiretap Acts - Securus' argument that attorneys do not hold the attorney-client privilege is irrelevant. The Attorney Plaintiffs allege violations of the Wiretap Acts and the consequent general privacy injury those acts seek to compensate. All parties to the calls at issue have statutory protected privacy interests apart from rights afforded by the attorney-client privilege. Securus' interception was either: (i) illegal and therefore injured all parties to the call; or (2) was legal and the claims will fail. But the applicability of the attorney-client privilege goes only to whether it was legal or illegal and not to whether this Court has jurisdiction to hear Plaintiffs' argument in the first place. *Libertad v. Welch*, 53 F.3d 428 fn. 5 (1st Cir. 1995) ("whether a plaintiff's complaint could survive on its merits is irrelevant to the standing inquiry").

Further, Plaintiffs have sufficiently pleaded an invasion of a legally protected interest that is concrete and particularized. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016). Courts have, in the wake of the Supreme Court's decision in *Spokeo*, concluded that the Wiretap Acts

codify common law privacy rights, and the violation of those privacy rights itself is a concrete

injury giving rise to Article III standing. Specifically, the 9th Circuit recently explained this

carefully:

> The harms protected by these statutes bear a "close relationship" to ones that have
> "traditionally been regarded as providing a basis for a lawsuit." *See Spokeo I*, 136
> S. Ct. at 1549. "Violations of the right to privacy have long been actionable at
> common law." *Eichenberger*, 876 F.3d at 983. And one of the several privacy torts
> historically recognized was "unreasonable intrusion upon the seclusion of another,"
> which traditionally extends to, among other things, "tapping ... telephone wires" as
> well as "opening ... private and personal mail." Restatement (Second) of Torts §
> 652B cmt. b. There is a straightforward analogue between those traditional torts
> and the statutory protections codified in ECPA and [California's analogue] against
> viewing or using private communications. Moreover, under the privacy torts that
> form the backdrop for these modern statutes, "[t]he intrusion itself makes the
> defendant subject to liability." Restatement (Second) of Torts § 652B cmt. b. "In
> other words, 'privacy torts do not always require additional consequences to be
> actionable.'" Patel, 932 F.3d at 1274 (quoting *Eichenberger*, 876 F.3d at 983).
> Thus, historical practice provides support not only for the conclusion that
> wiretapping is actionable, but also for the conclusion that a wiretapping plaintiff
> "need not allege any further harm to have standing." *See Eichenberger*, 876 F.3d at
> 984.

> *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117-18 (9th Cir. 2020).

Plaintiffs have alleged that Securus intercepted and distributed their private calls. This

satisfies both the elements of the Wiretap Acts and *Spokeo*'s standing requirements.

## II. PLAINTIFFS HAVE PLEADED FACTS SUFFICIENT TO CARRY THEIR INITIAL BURDEN.

The First Circuit has set out the elements of a private wiretap claim succinctly: "plaintiffs

must show five elements to make their claim under Title I of the ECPA: that a defendant (1)

intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or

endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device." *In

re Pharmatrak, Inc. Privacy Litig.*, 329 F.3d 9, 23 (1st Cir. 2003).[2]

---

[2] FAC ¶¶ 2-3, 14-22, 25-33, 35-39, 40-43 and 44-49.

Securus essentially admits that it used a recording device to intercept the contents of the call, disputing only the scienter element in its Motion. But because this is not a fraud case, Plaintiffs need only aver a plain statement of the claim, and the Court makes inferences in its favor. Even in the heightened pleading standard of a fraud case, Fed R. Civ. P. 9(b) allows state of mind to be alleged generally, because "[t]he characterization of a state of mind, after all, does not lend itself to detailed pleading." *US ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 228 (1st Cir. 2004).

Although Securus might dispute that it knew the calls were attorney-client calls or otherwise thought it had an affirmative defense, for the purposes of scienter what matters is that Securus knew that it was actively intercepting the calls giving rise to this suit. As an initial matter, Securus misreads *In re Pharmatrak, Inc. Privacy Litig.*, 329 F.3d 9 (1st Cir. 2003). That case stands for the proposition that an inadvertent recording - for example, forgetting to turn off a recorder in a conference room after a remote deposition - would not provide the intent requirement because the person did not know they were intercepting further conversations. That court favorably cited the statutory history: "'Intentional' means more than that one voluntarily engaged in conduct or caused a result. Such conduct or the causing of the result must have been the person's conscious objective." *Id.* at 23, *see also Narducci v. Village of Bellwood*, 444 F. Supp. 2d 924, 935 (N.D. Ill. 2006) (noting that liability under Section 2511(1)(a) depends on the defendant intentionally intercepting a communication, but that intent requirement "does not, however, require any intent to violate the law, or even any knowledge that the interception would be illegal.")

Further, Securus seems to argue that *In re Pharmatrak* stands for the proposition that the intent requirement of the ECPA means that the plaintiff must prove the defendant intended ***both*** the conduct ***and*** result at issue. By the plain language of *In re Pharmatrak*, however, that is not

the case, as it notes that "[s]uch conduct or the causing of the result must have been the person's conscious objective." *In re Pharmatrak*, 329 F.3d at 23 (citing S.Rep. No. 99-541, at 23 (1986)). The conduct in question is therefore Securus' intentional recording of inmate calls, which is alleged by Plaintiffs[3] and, as noted above, essentially admitted by Securus. The standard is substantially similar under state law except that the mental state is "intentionally or knowingly." 15 M.R.S. § 710(1). Therefore, Plaintiffs have carried their prima facie burden— that is the end of the Rule 12(b)(6) analysis.

### A.   Additional Facts and/or Affirmative Defenses Asserted by Securus Must be Disregarded.

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are judged solely under the facts asserted in the complaint. Fed. R. Civ. P. 12(d). Nevertheless, Securus attempts to add multiple facts to the Court's analysis that are not related to any allegation in the FAC:

- Securus repeatedly refers to Maine Department of Corrections Policy ("DOC Policy"), including asserting that neither the Attorney Plaintiffs nor the Inmate Plaintiffs "plead that they ever bothered to designate, in writing, those names and numbers to which the prisoner wishes to make legal telephone calls." Securus Motion, pp. 4-5;

- "Plaintiff Belleau essentially concedes that he never designated any attorney numbers as private." Securus Motion p. 7;

- ". . . the Attorney Plaintiffs' clients and the Inmate Plaintiffs themselves may simply have waived the privilege or consented to call recording." Securus' Motion p. 5.

Further, Securus repeatedly admonishes Plaintiffs' FAC for failing to anticipatorily counter any one of multiple affirmative defenses, erroneously asserting that Plaintiffs' claims are subject to dismissal for their failure to address these defenses. This is simply incorrect. Plaintiffs are not required in their complaints to anticipate and argue against all potential affirmative defenses.

---

[3] FAC ¶¶ 2-3, 14-22.

*Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298-99 (10th Cir. 2018) ("[a] plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant; it is the defendant's burden to plead an affirmative defense.") (citations omitted).

This is particularly true here where Securus assumes that a lack of consent for the subject recordings is an element of Plaintiffs' claims. In effect, Securus is asking the Court to conclude that because Plaintiffs did not allege that they did not waive the privilege or otherwise consent to the recordings in question, they *must have waived* the privilege. However, this argument simply attempts to shift Securus' burden to Plaintiffs, and should be disregarded. Lack of consent or waiver is not an element of either of the Wiretap Acts, but is rather an affirmative defense that must be established and proven by Securus, and cannot be the basis of a motion to dismiss. *In re Pharmatrak, Inc. Privacy Litig.*, 329 F.3d 9, 23 (1st Cir. 2003) ("[w]e think, at least for the consent exception under the ECPA in civil cases, that it makes more sense to place the burden of showing consent on the party seeking the benefit of the exception, and so hold.") If Securus seeks to terminate this lawsuit based on alleged waiver and/or consent, it is welcome to attempt to do so at trial or in a summary judgment motion after the completion of discovery – not in a motion to dismiss.

**B.     Securus Does Not Fall Under the Exceptions to the Wiretap Acts.**

In addition, Securus attempts to argue statutory exemptions that are not properly raised on a motion to dismiss. For the same reason that Securus' additional facts and speculation should be disregarded, these are affirmative defenses for which Securus carries the burden. Therefore, the statutory exceptions are irrelevant to the Rule 12(b)(6) analysis. But even if they were appropriate, Securus would lose.

None of the exemptions to the Federal or Maine Wiretap Acts apply to protect Securus' conduct. The investigative officer and jail investigative officer exemptions from the Maine Wiretap Act do not apply by their plain language noting that they "[do] not authorize any interference with the attorney-client privilege." 15 M.R.S. § 712(2)-(3). The FAC alleged facts showing that the conversations were subject to the attorney-client privilege. Attorney plaintiffs communicated with their inmate clients,[4] and inmate plaintiffs communicated with their attorneys,[5] in Maine county jails. Securus recorded these communications, and distributed these communications to third-parties.[6] These allegations are factual in nature and must be deemed true for the purposes of Securus' motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[7]

Further, the third exemption in the Maine Wiretap Act—the communication common carrier agent exemption, 15 M.R.S. § 712(1), does not apply to Securus' conduct. That exception specifically bars observing or monitoring by switchboard operators, save for mechanical or service quality control checks. And even then, it prohibits the disclosure of communications recorded for those checks. Here, the calls at issue were not recorded as part of a mechanical or service quality control check, but were in fact routinely recorded just as all inmate calls are routinely recorded. Moreover, this exemption requires that the interception occur "in the normal course of employment while engaged in any activity which is a *necessary incident to the rendition of service.*" 15 M.R.S. § 712 (1) (emphasis added).

Maine's exemption 15 M.R.S. § 712(1) is narrower than the analogous "business extension exception" in the Federal Wiretap Act, 18 U.S.C. § 2510(4). Nonetheless, neither exception is

---

[4] FAC ¶¶ 25-27; 35-38.
[5] FAC ¶¶ 40-43; 44-49.
[6] FAC ¶¶ 18-22; 28-34; 37-39; 40-43; 46-49.
[7] If the Court determines that Plaintiffs' allegations are presently insufficient, Plaintiffs would respectfully request leave to file a Second Amended Complaint to accordingly supplement those allegations.

applicable here because the recording of communications protected by the attorney-client privilege falls outside of "any activity that is necessary incident to the rendition of service," 15 M.R.S. § 712 (1), and is "outside the ordinary course of its business." 18 U.S.C. §2510(4) for substantially the same reasons.

Securus attempted this argument in a similar case and lost decisively. *See Huff. v. Corecivic, Inc.*, No. 17-2320, 2018 WL 1175042 (D. Kan. Mar. 5, 2018). The "business extension exception" has two prongs, exempting from liability a provider that: (i) furnishes the equipment in question to the subscriber "in the ordinary course of its business," and (ii) that the subscriber then uses it "in the ordinary course of its business." 18 U.S.C. § 2510(4). Securus fails the second prong. *Huff v. Corecivic, Inc.,* 2018 WL 1175042 at *3-4.

Here, Securus furnished the equipment used to record Plaintiffs' calls in the ordinary course of business. However, recording calls protected by the attorney-client privilege is not "in the ordinary course of business." The court in *Huff v. Corecivic, Inc.* came to this exact conclusion in substantially identical circumstances with regard to the same defendant, Securus, who was operating inside of a facility run by co-defendant Corecivic. In *Huff*, the U.S. District Court for the District of Kansas denied Defendant Securus' motion to dismiss Plaintiff Huff's complaint on the basis of the "business extension exception." *Huff* at *3-4. In that case, the court found that although there was a legitimate business purpose to the recording of inmate calls (a fact that Plaintiffs need not dispute here), it concluded that recordings made in violation of the attorney-client privilege "were not made in the ordinary course" of business. *Id.* ("Because the facts as alleged in Plaintiffs' Complaint do not reflect that the attorney-client recordings furthered a legitimate business interest, the Court finds that the recordings at issue were not made in the ordinary course of CoreCivic's business, and that the business extension exception does not apply.")

8

Similarly, here there is no basis to conclude that the recording of confidential communications between an attorney and their client furthers the security or public safety within the jail. Further, Maine Department of Corrections Policy notes that "[a]ll telephone calls made on a prisoner phone system, *except for privileged calls*, may be recorded." Securus' Motion, p.3 (emphasis added). This Policy evidences an intent that although recording of calls is within the ordinary course of business, or is a necessary incident to the rendition of services, the recording of *privileged* calls is not. Finally, even if there is an articulable interest in recording *all* communications made by inmates, any such interest does not outweigh an individual's, as well as the public's, interest in preserving the attorney-client privileged.

The Defendant makes a final argument in passing that the state law definition of an interception device carves out those used by "a communication common carrier in the ordinary course of its business." The argument fails for the same reasons explained by the court in the *Huff* case - Securus was not acting in the ordinary course of business.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court deny Securus' Motion to Dismiss in its entirety. In the alternative, Plaintiffs request the Court grant Plaintiffs leave to amend. Fed. R. Civ. P. 15(a)(2).

Dated: December 11, 2020

Respectfully Submitted,

/s/Andrew Schmidt
Andrew Schmidt, Esq.
Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
(207) 619-0320
Andy@maineworkerjustice.com

 /s/ Peter Mancuso
Peter Mancuso, Esq
Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
(207) 619-0884
Peter@maineworkerjustice.com

Benjamin N. Donahue
Hallett, Whipple & Weyrens, P.A.
Six City Center
P.O. Box 7508
Portland, Maine 04112-7508
Tel - 207.775.4255
Fax - 207.775.4229
www.hww.law
bdonahue@hww.law

*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will automatically send notice of such filing to all counsel of record.

Dated: December 11, 2020

                                                      __/s/Peter Mancuso__
                                                      Peter Mancuso
                                                      Andrew Schmidt Law, PLLC
                                                       97 India St.
                                                      Portland, Maine 04101
                                                      207-619-0884
                                                      Peter@MaineWorkerJustice.com

                                                      *Attorneys for the Plaintiffs*

11