**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**
Civil Action No. 1:20-cv-00295-JDL

JEREMY PRATT,
ROBERT J. RUFFNER,
JACK TEBBETTS,
STEVEN BELLEAU, and
MATTHEW PERRY
on their own behalf and
on behalf of all others similarly situated,

      Plaintiffs,

v.

SECURUS TECHNOLOGIES, INC.,

      Defendant.

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT SECURUS TECHNOLOGIES, INC.'S MOTION TO STRIKE CLASS ALLEGATIONS

---

      Securus Technologies, Inc's ("Securus") Motion to Strike Class Allegations ("Motion to Strike") is not only premature and inappropriate, but also ironic. Securus has settled—on a class basis—with claimants all over the country based on substantially similar facts and law.[1] If class litigation were not the preferred mechanism for compensating damages caused by Securus' serial wiretap violations, presumably it would apprise the Court of how that class litigation bogged down. But alas, it resulted in Court approved settlements.[2] The final class definitions in those cases were

---

[1] Jordan Smith, *Securus Settles Lawsuit Alleging Improper Recording of Privileged Inmate Calls*, THE INTERCEPT, March 16, 2016, available at https://theintercept.com/2016/03/16/securus-settles-lawsuit-alleging-improper-recording-of-privileged-inmate-calls/; Karl Bode, *Securus Quietly Settles Lawsuit Over Illegally Spying on Inmate Attorney Conversations*, TECHDIRT, June 1, 2020, available at https://www.techdirt.com/articles/20200522/08004544553/securus-quietly-settles-lawsuit-over-illegally-spying-inmate-attorney-conversations.shtml), Dan Margolies, *Leavenworth Inmates Reach $1.45 Million Settlement Over Taped Attorney-Client Phone Calls*, KCUR, August 26, 2019, available at https://www.kcur.org/news/2019-08-26/leavenworth-inmates-reach-1-45-million-settlement-over-taped-attorney-client-phone-calls.

[2] *Huff v. Corecivic*, No. 2:17-cv-2320 (D.Kan. Jan. 28, 2020) (granting final approval of class action settlement), *Romero v. Securus Technologies, Inc.*, No. 3:16-cv-1283 (S.D.C.A. Nov. 19, 2020) (granting final approval of class action settlement).

no doubt different from those in this complaint, but tailoring the class definitions for the efficient adjudication of disputes after affirmative defenses are asserted and initial discovery is a goal of the Rule 23 motion's practice. *Manning v. Boston Medical Center Corp.*, 725 F.3d 34, 60 (1st Cir. 20113) ("the district court has many tools at its disposal to address concerns regarding the appropriate contours of the putative class, including redefining the class during the certification process or creating subclasses.")

## ARGUMENT

Securus' Motion to Strike should be denied as (i) its requested remedy is inappropriate at this stage of the litigation; and (ii) Plaintiffs' allegations, and as opposed to the misconstrued version of those allegations propounded by Securus, are sufficient to maintain a class action at this stage.

### A. Securus' Disregarded the Proper Legal Standard and Seeks a Remedy that is Inappropriate at this Stage of the Litigation.

Securus' brazenly ignores the stringent standard that must be met to strike class allegations based on the pleadings alone. Securus correctly notes that, "[i]f it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Manning v. Boston Medical Center Corp.*, 725 F.3d at 59. However, Securus fails to recognize that "striking a portion of a pleading is a drastic remedy," 5C Charles Alan Wright, et. al., *Federal Practice & Procedure* § 1380 (3d ed. 2011), and that "such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985), see also *In re Tronox Sec. Litig.,* No. 09 Civ. 6220, 2010 WL 2835545, at *4 (S.D.N.Y. June 28, 2010) ("Motions to strike are generally disfavored, and should be granted only when there is a strong reason for doing so."); *Citigroup, Inc. v. Wachovia*

*Corp.*, 613 F. Supp. 2d 485, 489 (S.D.N.Y. 2009) ("Motions to strike are generally disfavored and will be denied unless the matter asserted clearly has no bearing on the dispute or the matter is significantly prejudicial to one of the parties." (internal citations omitted)).

This is particularly true in the class action context. The First Circuit has held that, in ruling on a motion to strike class action allegations, "a court should typically await the development of a factual record before determining whether the case should move forward on a representative basis." *Manning*, 725 F. 3d at 59. Indeed,

> courts have repeatedly emphasized that striking class allegations under Rule 12(f) 'is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.'

*Id.* at 59 (quoting *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)); *see also Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases); *Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010); *Francis v. Mead Johnson & Co.*, No. 10-CV-701, 2010 WL 3733023, at *1 (D. Colo. Sept. 16, 2010); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 614-16 (N.D. Cal. 2007).

The questions Securus raises regarding Plaintiffs' putative classes are, at best, premature, and are more appropriately raised in the context of a class certification motion following discovery. Securus has not met the high bar required for relief under Rule 12(f). Further, Securus seemingly is of the belief that Plaintiffs' putative classes are set in stone and not subject to modification as this litigation continues.[3] Issues with preliminarily defined classes are frequently resolved as the

---

[3] In so assuming, Securus directly disregards Plaintiffs' acknowledgement that the definition of the putative classes may change as necessary during discovery and that the definitions presented in Plaintiffs' First Amended Complaint ("FAC") are only "preliminary." FAC ¶ 51.

3

case goes on, not through premature dismissal. *Manning*, 725 F.3d at 60 ("[e]ven if the court had concerns about plaintiffs' ability to represent such a diverse group of employees, those concerns do not justify the drastic measure of striking the class allegations in their entirety.") Plaintiffs should have the opportunity to pursue their case, including appropriately developing the definition of their putative classes, without being compelled to essentially prove their claims and the contours of their classes at the onset of this litigation.

      **B.**     **Plaintiffs' Have Appropriately Pleaded their Class Action Allegations.**

Further, even if Securus' assertions could be considered at this stage in the litigation, Plaintiffs' allegations are sufficient to withstand such review. Securus repeatedly attempts to obfuscate Plaintiffs' simple claims. Securus intentionally intercepted calls in violation of the wiretapping statutes causing the Plaintiffs *de facto* injuries to their privacy rights. *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117-18 (9th Cir. 2020) (finding that Plaintiffs pleading violations of wiretapping "need not allege any further harm to have standing") (citing *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 984 (9th Cir. 2017)). The Attorney Plaintiffs are in a perfect position to represent the other attorneys, and the Client Plaintiffs are in a position to represent the inmates. Securus bemoans the failure to elicit a Rule 23 theory. Plaintiffs do not know what that means. Plaintiffs have pleaded uniform facts and law that give rise to substantially identical claims for a large class of people. It is far more efficient and, in a case with a putative class without money to pay individual attorneys, far more just to litigate on a classwide basis. This is the theory of Rule 23.

Like in its motion to dismiss, Securus here misconstrues its burden. Plaintiffs do not have a crystal ball to guess the defenses Securus will bring, especially in light of the fact that certain defenses have failed Securus when asserted in similar cases. *See Huff v. Corecivic*, No. 17-2320,

4

2018 WL 1175042, at *3-4 (D.Kan. Mar. 5, 2018) (denying defendant Securus' motion to dismiss on the basis of the Federal Wiretap Act's "business extension exception."). Indeed, this demonstrates why courts only strike when it is "obvious from the pleadings" *Manning*, 725 F.3d at 59. Presumably, based on filings to date, Securus will raise a statute of limitations affirmative defense. And if they do, and it is colorable, the class definitions might be limited. But that is the purpose of class discovery and the Rule 23 motion practice: developing factual allegations and ensuring an appropriate class definition to allow for the efficient adjudication of claims. That process in practice invariably leads to a modified class definition because the Court is involved in planning an efficient trial. The same is true with all of the affirmative defenses. Ultimately, none of the issues Securus raises "justify the drastic measure of striking the class allegations in their entirety." *Manning*, F.3d at 60.

Likewise, Securus repeats the mistake it made in its motion to dismiss of construing the claim as a common law breach of attorney-client privilege. This is a claim under the wiretapping laws causing *de facto* injuries to privacy interests. The Plaintiffs are well situated to represent the putative classes who are all similarly harmed.

## CONCLUSION

The Court should deny Securus' motion, or in the alternative provide Plaintiffs leave to amend their class claims. Fed. R. Civ. P. 15(a)(1).

Dated: December 11, 2020

                                              Respectfully Submitted,

                                              /s/Andrew Schmidt
                                              Andrew Schmidt, Esq.
                                              Andrew Schmidt Law, PLLC
                                              97 India St.
                                              Portland, Maine 04101
                                              (207) 619-0320
                                              Andy@maineworkerjustice.com

                                              /s/ Peter Mancuso
                                              Peter Mancuso, Esq
                                              Andrew Schmidt Law, PLLC
                                              97 India St.
                                              Portland, Maine 04101
                                              (207) 619-0884
                                              Peter@maineworkerjustice.com


                                              Benjamin N. Donahue
                                              Hallett, Whipple & Weyrens, P.A.
                                              Six City Center
                                              P.O. Box 7508
                                              Portland, Maine 04112-7508
                                              Tel - 207.775.4255
                                              Fax - 207.775.4229
                                              www.hww.law
                                              bdonahue@hww.law

                                              *Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will automatically send notice of such filing to all counsel of record.

Dated: December 11, 2020

       /s/Peter Mancuso
Peter Mancuso
Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
207-619-0884
Peter@MaineWorkerJustice.com

*Attorneys for the Plaintiffs*