# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| JEREMY PRATT, ROBERT J. RUFFNER, JOHN TEBBETTS, STEVEN BELLEAU, and MATTHEW PERRY on their own behalf and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) | Civil Action No. 1:20-cv-00295-JDL |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SECURUS TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) ) | |

**REPLY IN SUPPORT OF THE MOTION TO DISMISS OF DEFENDANT
SECURUS TECHNOLOGIES, LLC
(f/k/a SECURUS TECHNOLOGIES, INC.)**

## I. INTRODUCTION

Plaintiffs oppose the motion to dismiss their First Amended Complaint ("FAC") by arguing that Securus has "been defeated across the nation in similar cases,"[1] and "flips the motion to dismiss standard on its head." ECF No. 34 at 1. But it is Plaintiffs who are attempting to turn things upside down, now recasting their claims as based on generalized "privacy interests" even though the FAC not once even uses the words "private" or "privacy"—no doubt because inmates lack privacy rights. *See, e.g., Lanza v. New York,* 370 U.S. 139, 143 (1962).

Plaintiffs cannot defend their FAC from dismissal by manufacturing an injury that the pleading does not allege. Nor can it escape dismissal simply by announcing that "[t]his is not the time for affirmative defenses." ECF No. 34 at 1. The FAC is riddled with conclusory allegations untethered to any actual injury. Although Plaintiffs need not negate all affirmative defenses to state a viable claim, they cannot simply allege facts "consistent with" liability, "but just as much in line with a wide swath of rational" conduct for which no liability exists. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). That will not transform mere possibility to plausibility. *Iqbal*, 556 U.S. at 680.

---

[1] Other lawsuits Plaintiffs cite involving Securus do not support their claims. *See, e.g., Romero v. Securus Techs., Inc.*, No. 16cv1283 JM (MDD), 2020 U.S. Dist. LEXIS 217489, *17, 2020 WL 6799401 (S.D. Cal. Nov. 19, 2020) (noting that plaintiffs settled the case – which did not involve alleged violations of wiretapping statutes – because of "risks . . . associated with a trial."; *see also, e.g., Huff v. CoreCivic, Inc.,* No. 17-2320-JAR-JPO, 2018 U.S. Dist. LEXIS 35195, *11-12, 2018 WL 1175042 (D. Kan. Mar. 5, 2018) (dismissing complaint against Securus in part because "Plaintiffs have not nudged their disclosure claims against Securus 'across the line from conceivable to plausible.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

## II. ARGUMENT

### A. Plaintiffs Lack Standing To Bring Their Claims

Although the gravamen of the FAC is a violation by Securus of wiretapping statutes by its alleged interception, recording and distribution of calls protected by the attorney-client privilege, Plaintiffs now call the privilege "irrelevant." ECF No. 34 at 2. Plaintiffs instead endeavor to reframe their claims to address "statutory protected privacy interests apart from rights afforded by the attorney-client privilege." *Id.* It is a curious strategy because Plaintiffs do not—and cannot—cite a single paragraph in the FAC addressing this "general privacy injury." *Id.*[2]

Anchored in a solitary case from the Ninth Circuit, *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117-18 (9th Cir. 2020), Plaintiffs' elevation of general privacy rights has no place in this case. ECF No. 34 at 3. Unlike the millions of Facebook users or public generally, even the Ninth Circuit agrees that inmates lack basic privacy rights in their use of telephones. *United States v. Van Poyck,* 77 F.3d 285, 290-1 (9th Cir. 1996) ("[N]o prisoner should reasonably expect privacy in his outbound telephone calls."); *see also Lanza*, 370 U.S. at 143.

Without a general expectation of privacy for inmate phone calls, there is no

---

[2] Plaintiffs' attempt to reframe their allegations of harm from being one that arises from the attorney-client privilege to one that arises from privacy harms is entirely improper given the absence of any allegations of privacy harms in the FAC. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Winne v. Nat'l Collegiate Student Loan Tr. 2005-1*, No. 1:16-cv-00229-JDL, 2017 U.S. Dist. LEXIS 131174, 2017 WL 3573813, at *15-16 (D. Me. Aug. 17, 2017) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

actionable injury for the recording of their calls generally. Moreover, the notion that inmates and their lawyers will follow a special set of procedures to exempt their calls from a standard "monitoring/recording regime" is well established. *Gilday v. Dubois*, 124 F.3d 277, 281 (1st Cir. 1997); *see id* at 294 (characterizing such procedures as "lawful restrictions founded upon reasonable prison-security measures"). The law places no burden on carceral facilities or their contractors to somehow divine which calls might be subject to the privilege; the burden instead falls on inmates to protect their privilege. *United States v. Novak,* 531 F.3d 99, 103 (1st Cir. 2008).

Plaintiffs discuss none of these authorities in their opposition papers. More fundamentally, they fail to identify any well-pleaded factual allegations in the FAC that show even one call protected by the attorney-client privilege was intercepted, recorded or distributed to a third party. As noted in the moving papers, the FAC appears to assume that all conversations between an attorney and client in which the client sought legal advice are privileged, but that is not the law. *Cavallaro v. U.S.*, 284 F.3d 236, 245 (1st Cir. 2002). Maybe that is why Plaintiffs now argue that the privilege is irrelevant. But simply arguing that "Securus intercepted and distributed . . . private calls" involving inmates, ECF No. 34 at 3, does not come close to stating a claim for which Plaintiffs can assert injury or invoke standing to proceed.

Tacitly conceding the point, Plaintiffs eventually fall back on the very position their opposition initially casts aside as irrelevant, stating that "[t]he FAC alleged facts showing that the conversations were subject to the attorney-client privilege." *Id.* at 7. But all they do is repeat their allegations that "Attorney plaintiffs communicated

3

with their inmate clients, and inmate plaintiffs communicated with their attorneys." *Id.* Plaintiffs do not grapple with the First Circuit's decision in *Cavallaro*, let alone mention it. Far from alleging facts of concrete harm, their allegations "are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, [and] the complaint is open to dismissal." *See Katz v. Pershing, LLC*, 672 F.3d 64, 73 (1st Cir. 2012) (citing *SEC v. Tambone,* 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

Plaintiffs fail to identify facts in the FAC that support the plausible existence of a privilege in the recorded calls. Given the limited privacy rights of inmates generally, this failure is central to their inability to demonstrate actionable harm to trigger standing, and not about the invocation of any particular affirmative defense. In short, it is a failure that robs their action of justiciability and the Court should accordingly dismiss it for lack of jurisdiction over the subject matter of Plaintiffs' case.

**B.     Plaintiffs Fail to State a Plausible Claim**

Plaintiffs independently fail to plead plausible violations of the wiretap laws in which they have premised their claims. Among other things, Plaintiffs fail to plead that any ostensible interception, recording or distribution was "intentional" as discussed in *In re Pharmatrak, Inc. Privacy Litig.*, 329 F.3d 9, 23 (1st Cir. 2003).[3] ECF No. 34 at 4. In that case, the First Circuit explains that "[a]n act is not

---

[3] Plaintiffs contend that the motion "misreads" that case, only to venture outside the First Circuit for any contrary authority. ECF No. 34 at 4. The district court's statement in *Narducci v. Village of Bellwood*, 444 F. Supp. 2d 924 (N.D. Ill. 2006) that the "intent requirement 'does not . . . require any intent to violate the law, or even any knowledge that the interception would be illegal'" (ECF No. 34 at 4 [quoting same] [alteration added]), is not the law in this Circuit.

4

intentional if it is the product of inadvertence or mistake." *Id*. The First Circuit also recently held that an allegation suggesting that a defendant "'should have known' . . . is not sufficient to adequately establish the intent necessary to find a [Wiretap Act] violation." *In re HIPAA Subpoena (Patient Servs.),* 961 F.3d 59, 66 (1st Cir. 2020). Accordingly, Plaintiffs' allegation that "Securus failed to screen out Attorney-Client privileged calls" is patently insufficient. ECF No. 21 ¶ 17.

Plaintiffs fail to grapple with this governing precedent, and instead resort to arguing that "what matters is that Securus knew that it was actively intercepting the calls giving rise to this suit." ECF No. 34 at 4.[4] The lack of a general privacy right that attaches to inmate communications necessitates that Securus had the "conscious objective" to record *privileged* calls before liability can attach under the wiretap statutes in this case. *See In re Pharmatrak, Inc. Privacy Litig.*, 329 F.3d at 23; *see also Cavallaro,* 284 F.3d at 245 (setting forth the First Circuit's eight-part test for applicability of the attorney-client privilege). Far from alleging facts to plausibly support such a targeted intent by Securus, the FAC merely parrots the statutory language, asserting that Securus "knowingly and intentionally" intercepted and

---

[4] Plaintiffs cite paragraphs 2-3 and 14-22 of their FAC and suggest that they allege facts supporting the conclusion that Securus intentionally recorded inmate calls, ostensibly under First Circuit law. ECF No. 34 at 5. But a practice of generally recording inmates is entirely legitimate. *Gilday*, 124 F.3d at 294. Moreover, the cited paragraphs do not plausibly reveal a "conscious objective" to target privileged calls. *In re Pharmatrak, Inc. Privacy Litig.,* 329 F.3d at 23; *see, e.g., Evans v. Skolnik,* No. 3:08-cv-00353-RCJ-VPC, 2009 U.S. Dist. LEXIS 104430, at *13-16 (D. Nev. Oct. 2, 2009) (dismissing wiretap claim premised on conclusory allegations that defendants "intentionally" intercepted his attorney-client telephone calls), *aff'd,* 637 F. App'x 285, 287 (9th Cir. 2015); *see also Greenfield v. Kootenai County*, 752 F.2d 1387 (9th Cir. 1985) (holding routine recordings of inmate calls no violation of federal wiretap laws).

5

disclosed privileged conversations. ECF No. 21 ¶¶ 69 & 73-74. This is the quintessential "legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. It therefore cannot survive a motion to dismiss. *Katz*, 672 F.3d at 73.

Ignoring this reality, Plaintiffs swiftly move on to discuss "exemptions to the Federal or Maine Wiretap Acts." ECF No. 34 at 7. They just as quickly skip any meaningful discussion of the Federal Wiretap Act exceptions, to argue that under the Maine Wiretap Act, "the investigative officer and jail investigative officer exemptions from the Maine Wiretap Act do not apply by their plain language." *Id.* Plaintiffs do not confront the reality that the Federal Wiretap Act specifically recognizes that an "interception under this chapter may be conducted in whole or in part by Government personnel, *or by an individual operating under a contract with the Government.*" 18 U.S.C. § 2518(5) (emphasis added). Nor do Plaintiffs mention *Thayer Corp. v. Reed*, No. 2:10-cv-00423-JAW, 2011 U.S. Dist. LEXIS 74229, 2011 WL 2682723 (D. Me. Jul. 11, 2011), which looks to federal law to properly construct Maine's state counterpart.

Plaintiffs also contend that the communication common carrier agent exemption to the Maine Wiretap Act and the business extension exceptions to the Federal Wiretap Act do not apply. To make this case, Plaintiffs again resort to basing their argument exclusively on a single district court case from outside the First Circuit, *Huff v. Corecivic, Inc.* No. 17-2320-JAR-JPQ, 2018 U.S. Dist. LEXIS 35195, 2018 WL 1175042 (D. Kan. Mar. 5, 2018) (granting in part Securus' motion to dismiss complaint). Other than reciting some details about that case, Plaintiffs present this Court no rationale for adopting its analysis. At a minimum, Plaintiffs' failure to

6

plausibly allege the recording of any privileged communications provides this Court with a strong basis to reject Plaintiffs' suggestion that any recordings by Securus were outside the ordinary course of its business. To the contrary, Plaintiffs concede that the calls at issue "were in fact routinely recorded just as all inmate calls are routinely recorded." ECF No. 34 at 7. Such routine recording of phone lines of inmates is not actionable. *United States v. Lewis*, 406 F.3d 11, 18 (1st Cir. 2005).

Because Plaintiffs have not alleged that Securus took any actions outside of its "normal course of employment" as a telephone service contractor for Maine county jails that were not "necessary incidents to the rendition of its service," it cannot be liable for a violation of the federal act or its Maine counterpart. 18 U.S.C. §2511(2)(a)(ii); 15 M.R.S. § 710; 15 M.R.S. § 709(4-B).

### III. CONCLUSION

For all the foregoing reasons, Securus respectfully requests that the Court grant its motion to dismiss in its entirety.

Dated: December 28, 2020	Respectfully submitted,

	*/s/ Jason J. Theobald*
	Richard Olson
	Jason J. Theobald
	CURTIS THAXTER LLC
	One Canal Plaza, Suite 1000
	P.O. Box 7320
	Portland, Maine 04112-7320
	Tel: 207-774-9000
	Email: rolson@curtisthaxter.com
		jtheobald@curtisthaxter.com

Admitted *Pro Hac Vice*:
Adam R. Fox
Gabriel Colwell
Marisol C. Mork
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Email: adam.fox@squirepb.com
gabriel.colwell@squirepb.com
marisol.mork@squirepb.com

*Counsel for Defendant
Securus Technologies, LLC
f/k/a Securus Technologies, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause an electronic notice to be sent to all registered counsel of record.


Dated: December 28, 2020
/s/ *Jason J. Theobald*
Counsel for Defendant
Securus Technologies, LLC,
f/k/a Securus Technologies, Inc.