UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JEREMY PRATT, ROBERT J. RUFFNER, JOHN TEBBETTS, STEVEN BELLEAU, and MATTHEW PERRY on their own behalf and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>  Defendant. | Civil Action No.<br>1:20-cv-00295-JDL |

**REPLY IN SUPPORT OF THE MOTION TO STRIKE CLASS ALLEGATIONS BY DEFENDANT SECURUS TECHNOLOGIES, LLC
(f/k/a SECURUS TECHNOLOGIES, INC.)**

I.   **<u>INTRODUCTION</u>**

Plaintiffs oppose the motion to strike on the purported bases that it is premature and inappropriate at this stage of the litigation.[1] ECF No. 35 at 1. To advance this argument, they assert that questions about the propriety of class litigation are "more appropriately raised in the context of a class certification motion following discovery." *Id.* at 3. Even so, Plaintiffs concede that courts may strike class allegations at the pleading stage under governing First Circuit precedent. *Id.* at 2 (citing *Manning v. Boston Medical Center Corp.*, 725 F.3d 34, 59 (1st Cir. 2013)).

Aside from offering the general suggestion that delay might allow them to gather evidence supporting—or allowing them to modify—their class allegations, Plaintiffs offer no serious opposition to the pending motion to strike. They do not explain how their alleged class is free from the overbreadth concerns, typicality problems, or predominating individualized issues detailed in the moving papers. These omissions from their opposition papers offer the Court no basis to deny the motion to strike. The Court should therefore grant the motion.

---

[1] Plaintiffs also call the motion "ironic," citing two online articles that apparently discuss class-wide settlements in other litigation involving Securus. ECF No. 35 at 1 n.1. Such extraneous evidence is irrelevant to the propriety of the proposed class in *this* case. *See F.D.I.C. v. S. Prawer & Co.*, 829 F. Supp. 439, 450 n.12 (D. Me. 1993) ("The general rule is that the Court should not consider matters beyond the pleadings in evaluating a motion to strike . . . ."). Indeed, Plaintiffs tacitly acknowledge as much, admitting that the "final class definitions in those cases were no doubt different from those in this complaint." ECF No. 35 at 1-2. Exemplary of why it is improper even to consider such other matters is that in one of the cases Plaintiffs cite, the Ninth Circuit "grant[ed] the petition for permission to appeal the district court's November 21, 2018 order granting class action certification." *Romero v. Securus Techs., Inc.*, No. 18-80181, 2019 U.S. App. LEXIS 6334, *1 (9th Cir. Feb. 27, 2019).

## II. ARGUMENT

### A. Plaintiffs Fail To Contest That Their Proposed Class Is Facially Overbroad, And The Named, Putative Class Representatives Are Subject To Unique Defenses.

Plaintiffs vaguely assert that their "allegations are sufficient to withstand" the arguments made in the pending motion. ECF No. 35 at 4. But they never bother to address any specific arguments raised in the motion. To begin with, Plaintiffs do not contest the overbreadth of their proposed class, failing even to so much as mention the argument that their pleaded class is overbroad. Perhaps this omission is strategic. After all, there is literally no temporal limitation to their class definitions and several cases within the First Circuit have stricken class allegations presenting this precise defect. *See e.g., MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp. Inc.*, 404 F. Supp. 3d 470, 484-86 (D. Mass. 2019) (granting motion to strike class definition because plaintiffs "made no effort to provide a temporal limit in its class definition"); *Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 269 (D. Mass. 2017) ("[A] court may strike class allegations that plainly encompass individuals whose claims are barred by jurisdictional or time limitations.").

Plaintiffs make no effort to distinguish or counter these authorities, despite the moving papers having cited them, among others, in setting forth the basis for striking the class allegations on overbreadth grounds. ECF No. 24 at 8-9. Whatever the reason for these omissions, Plaintiffs' silence effectively concedes the point. *See Bratt v. Jensen Baird Gardner & Henry, P.A.*, No. 2:17-cv-463-NT, 2018 U.S. Dist. LEXIS 162667, 2018 WL 4568590, at *13 (D. Me. Sep. 24, 2018) (noting that a failure

to address an argument operates as a concession); *Kelly v. Cort Furniture*, No. 2006-12291-MLW, 2009 U.S. Dist. LEXIS 127245, 2009 WL 6450117, at *40 (D. Mass. Feb. 26, 2009) (same); *see also Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988 JF (HRL), 2007 U.S. Dist. LEXIS 79068, 2007 WL 3010560, at *11 (N.D. Cal. Oct. 12, 2007) (granting motion to strike and explaining that "Plaintiff's general and conclusory response does not squarely address Defendant's concerns and the requirements of Rule 23").

Even if it were not strategic, the reality is that authorities across the nation embrace the proposition that "no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions" such as one impacting a "time frame" that may not be well defined by the pleadings. *Wilson v. Consol. Rail Corp. (In re Paulsboro Derailment Cases)*, No. 13-784 (RBK/KMW), 2014 U.S. Dist. LEXIS 48209, at *15 & *20 (D.N.J. Apr. 8, 2014); *see also Waters v. Electrolux Home Prod., Inc.*, Case No. 5:13-cv-151, 2016 U.S. Dist. LEXIS 92862, 2016 WL 3926431, at *4 (N.D.W. Va. July 18, 2016) ("[A] court may grant a motion to strike class allegations where the pleading makes clear that the proposed class cannot be certified and no amount of discovery would change that determination.").

Plaintiffs similarly make no attempt to defend their claims as "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Indeed, they do not even try to advance the notion that they "possess the same interest and suffer the same injury shared by **all** members of the class," although the Supreme Court has mandated this characteristic of putative class representatives. *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) (emphasis added). Once again, perhaps this

omission was strategic because Plaintiffs have no choice other than admitting that none of them are current inmates of a Maine county jail. Plaintiffs thus have no basis to contest their atypicality of the very inmates whom they purport to sweep into their broad class definition, as was also noted in the moving papers. ECF No. 24 at 5.

Plaintiffs likewise offer no response to the motion's observation that they are "subject to unique defenses that would divert attention from the common claims of the class." *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991). The named Attorney Plaintiffs (as well as the Attorney Plaintiff subclass) lack standing to assert any violations of the attorney-client privilege,[2] which exists only for the benefit of the client, not the attorney. *See Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) (pronouncing that "the privilege is that of the client alone"). Similarly, former inmates of a Maine county jail (and the subclass of Class Plaintiffs that includes other former inmates) lack standing to seek injunctive relief because there is no "'sufficient likelihood that [they] will again be wronged in a similar way.'" *Gray v. Cummings*, 917 F.3d 1, 19 (1st Cir. 2019) (quoting *Am. Postal Workers Union v. Frank*, 968 F.2d 1373, 1376 (1st Cir. 1992)).

Although these points were raised in the moving papers, Plaintiffs do not

---

[2] Plaintiffs attempt to reframe their allegations of harm from being one that arises from the attorney-client privilege to one that arises from privacy harms. This is entirely improper as the First Amended Complaint contains no allegations of privacy harm, and Plaintiffs cannot use their opposition papers to amend their allegations. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Winne v. Nat'l Collegiate Student Loan Tr. 2005-1*, No. 1:16-cv-00229-JDL, 2017 U.S. Dist. LEXIS 131174, 2017 WL 3573813, at *15-16 (D. Me. Aug. 17, 2017) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

meaningfully address them. Instead—and without supporting citation—they baldly assert that the "Attorney Plaintiffs are in a perfect position to represent the other attorneys, and the Client Plaintiffs are in a position to represent the inmates." ECF No. 35 at 4. Such conclusory assertions devoid of any factual underpinning simply does not make the required, "initial showing that a proposed class satisfies the Rule 23 requirements." *AstraZeneca AB v. UFCW (In re Nexium Antitrust Litig.)*, 777 F.3d 9, 27 (1st Cir. 2015); *accord Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("[T]he plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.").[3]

In this case, "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Plaintiffs' silence in the face of very specific observations—and supporting case law—presented in the pending motion to strike speaks volumes. They have failed to contest those points and thereby effectively conceded them, warranting this Court to take action

---

[3] Plaintiffs also make no effort to clarify the type of Rule 23(b) class they seek to certify, and appear to believe that mere gestures toward Rule 23(b)'s requirements are sufficient. They are not. *See Palazon v. Fla. Dep't of Corr.*, No. 05-14224-CIV-MOORE/LYNCH, 2006 U.S. Dist. LEXIS 102771, 2006 WL 8433863, at *3-4 (S.D. Fla. Aug. 18, 2006) ("Plaintiffs must demonstrate first that the circumstances of this case are well-suited for the class action form of litigation. The Plaintiffs must then specify under Rule 23(b) the type of class they seek to maintain."); *Thomas v. Wallace, Rush, Schmidt, Inc.*, No. 16-572-BAJ-RLB, 2019 U.S. Dist. LEXIS 107329, 2019 WL 2617818, at *19 (M.D. La. Jun. 26, 2019) (striking class allegations and noting that the complaint required the Court to guess the type of class plaintiff intends to certify).

and strike the defective class allegations.

> **B. Plaintiffs Fail To Contest That Individual Issues Will Predominate, Rendering Class Treatment Inappropriate.**

Plaintiffs also do not contest the predominance of individualized issues that overwhelm their proposed class definition. As noted in the moving papers, Plaintiffs' claims are permeated by the numerous fact-specific inquiries that cannot be resolved on a class-wide basis: whether certain class members possess standing to seek injunctive relief, whether certain class members possess standing to assert violations of the attorney-client privilege, whether each communication purportedly recorded was indeed privileged and confidential, whether each class member gave their actual and/or implied consent to any recordings, and whether each member of the current inmates class exhausted available administrative remedies—a question further complicated because its answer will vary by county and facility as well as by each purportedly impacted class member. ECF No. 24 at 8-10. Because an individualized assessment of these issues predominate Plaintiffs' claims, their class allegations should be stricken. *See, e.g., Huddleston v. American Airlines, Inc.*, No. 16-cv-09100, 2018 U.S. Dist. LEXIS 169962, *12-*22, 2018 WL 4742097 (N.D. Ill. Oct. 2, 2018) (striking class allegations that fail to meet the predominance requirement because the existence of an injury could not be determined by common facts but instead would require individual, fact-intensive inquiries as to each class member).

Plaintiffs silence once again concedes these points. *See Bratt v. Jensen Baird Gardner & Henry, P.A.*, No. 2:17-cv-463-NT, 2018 U.S. Dist. LEXIS 1626672018 WL 4568590, at *13; *Kelly v. Cort Furniture*, No. 2006-12291-MLW, 2009 U.S. Dist.

LEXIS 127245, 2009 WL 6450117, at *40.

### III. CONCLUSION

For all of the reasons asserted in the moving papers and in this reply, if this Court is not inclined to grant Securus' motion to dismiss, it should nevertheless exercise its discretion to strike the class allegations.

Dated:  December 28, 2020               Respectfully submitted,


                                        */s/ Jason J. Theobald*
                                        Richard Olson
                                        Jason J. Theobald
                                        CURTIS THAXTER LLC
                                        One Canal Plaza, Suite 1000
                                        P.O. Box 7320
                                        Portland, Maine 04112-7320
                                        Tel: 207-774-9000
                                        Email: rolson@curtisthaxter.com
                                                jtheobald@curtisthaxter.com

                                        Admitted *Pro Hac Vice*:
                                        Adam R. Fox
                                        Gabriel Colwell
                                        Marisol C. Mork
                                        Squire Patton Boggs (US) LLP
                                        555 South Flower Street, 31st Floor
                                        Los Angeles, California 90071
                                        Telephone: (213) 624-2500
                                        Email: adam.fox@squirepb.com
                                                gabriel.colwell@squirepb.com
                                                marisol.mork@squirepb.com

                                        *Counsel for Defendant*
                                        *Securus Technologies, LLC,*
                                        *f/k/a Securus Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause an electronic notice to be sent to all registered counsel of record.

Dated: December 28, 2020

*/s/ Jason J. Theobald*
Counsel for Defendant
Securus Technologies, LLC,
f/k/a Securus Technologies, Inc.