# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| JEREMY PRATT, | ) | |
| ROBERT J. RUFFNER, | ) | |
| JOHN TEBBETTS, | ) | |
| STEVEN BELLEAU, and | ) | |
| MATTHEW PERRY | ) | Civil Action No. |
| on their own behalf and | ) | 1:20-cv-00295-JDL |
| on behalf of all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SECURUS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SECURUS TECHNOLOGIES LLC'S MOTION TO STRIKE PLAINTIFFS' AFFIDAVITS IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

Defendant Securus Technologies LLC ("Securus") hereby objects to, and moves to strike portions of, the affidavits[1] of Plaintiffs Jeremy Pratt and Steven Belleau (ECF Nos. 32-1 and 32-2) filed in support of Plaintiffs' motion for preliminary injunction.

---

[1] Plaintiffs call their filings "Affidavits" (ECF Nos. 32-1 and 32-2), but neither document is notarized, so they should be considered declarations as opposed to affidavits. To avoid confusion, Defendants nonetheless, refer to the documents as affidavits throughout this motion to strike.

1

## INTRODUCTION

On August 13, 2020, Plaintiffs filed a complaint against Securus alleging it had recorded and distributed attorney-client privileged phone calls between inmates and their defense counsel in violation of the Federal and Maine Wiretap Acts. Nearly four-months later, Plaintiffs moved for a preliminary injunction to address this same alleged harm. In support of their motion, Plaintiffs Pratt and Belleau provided affidavits to support their claims that Securus improperly recorded and distributed their calls. This testimony is rife with hearsay, lacks the best evidence available to prove the facts it asserts, and makes claims of belief and speculation in lieu of factual allegations.

## ARGUMENT

Although preliminary injunction proceedings have a relaxed evidentiary standard, "[t]he dispositive question is . . . whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding." *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986). This Circuit has distinguished *Asseo* from circumstances where expediency is not paramount and the evidence at issue has not previously been subject to cross-examination. *United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 65 n.17 (1st Cir. 2013)(Howard, C.J., dissenting). Furthermore, "affidavits [that] are conclusory and without sufficient support in facts," do not carry the evidentiary weight to support preliminary injunction. *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985); *see*

*also Oakland Tribune, Inc. v. Chronicle Pub. Co.,* 762 F.2d 1374, 1377 (9th Cir. 1985).

### I. Plaintiffs' Affidavits Contain Inadmissible Hearsay without Justification.

Plaintiffs' unexplained delay of nearly four-months before bringing their motion for preliminary injunction undercuts the principal justification for relaxing the evidentiary standard at preliminary injunction proceedings: a "need for expedition." *Asseo*, 805 F.2d at 26. Nor have Plaintiffs proffered any other "attendant factors" in favor of admitting their hearsay. *Id.* Furthermore, Securus has not had the opportunity to cross-examine Plaintiffs Pratt or Belleau on the hearsay they seek to admit. *See $8,440,190.00 in U.S. Currency*, 719 F.3d at n.17. They do not even name the purported declarant(s) within the Office of the Maine Attorney General, and offer no explanation why one hearsay statement is offered from Plaintiff Tebbetts, who provided no affidavit of his own. Accordingly, the following portions of Plaintiff Pratt's and Plaintiff Belleau's affidavits should be stricken:

- Affidavit of Plaintiff Pratt (ECF No. 32-1) ¶ 6: "In April 2020, I was contacted by an Assistant Attorney General in the Office of the Maine Attorney General and told that their office had been provided by Securus with a recording of a call between myself and my client in the Somerset County Jail."

- Affidavit of Plaintiff Pratt (ECF No. 32-1) ¶ 8: "The Assistant Attorney General told me that he knew the call was between me and my client because he recognized my voice when he was listening to the calls."

- Affidavit of Plaintiff Belleau (ECF No. 32-2) ¶ 6: "I was told by Plaintiff Tebbetts after my release that several of our calls, calls that I had believed were

3

confidential and had done everything in my power to ensure were confidential, had been recorded by Securus."

## II. Plaintiffs' Affidavits Violate the Best Evidence Rule.

Plaintiffs Pratt and Belleau provided testimony about the contents of certain call recordings (i.e., that the recordings contained attorney-client privileged communications) without providing the recordings. Fed. R. Evid. 1002; *F.D.I.C. v. Key Fin. Servs.*, No. 89-2366-DPW, 1999 U.S. Dist. LEXIS 23006, at *16, 1999 WL 34866812 (D. Mass. Dec. 23, 1999) (striking portions of an affidavit that referenced documents without attaching them). Again, Plaintiffs have not cited any attendant factors that would support a decision to allow them to substitute their legal conclusions and conjecture for the original documents. The following paragraphs should therefore be stricken:

- Affidavit of Plaintiff Pratt (ECF No. 32-1) ¶ 9: "The Assistant Attorney General allowed me to listen to the call. Upon reviewing the call, I determined that in it my client requested and I gave legal advice, therefore it was protected by the attorney-client privilege."

- Affidavit of Plaintiff Belleau (ECF No. 32-2) ¶ 6: "I was told by Plaintiff Tebbetts after my release that several of our calls, calls that I had believed were confidential and had done everything in my power to ensure were confidential, had been recorded by Securus."

## III. Plaintiffs' Affidavits Are Supported by Beliefs and Speculation that Carry Insufficient Evidentiary Weight.

Plaintiffs characterize many of their substantive allegations not as facts but as

their beliefs. The lack of factual allegations and reliance on belief and speculation exposes Plaintiffs' neglect to investigate their claims. Plaintiffs have not claimed, however, that their investigation was thwarted and thus they have no alternative to offering speculation and belief in lieu of factual testimony. To the contrary, they claim that the Maine Attorney General's Office was forthright and proactive in informing them of the alleged improper recordings. Affidavit of Plaintiff Pratt (ECF No. 32-1) ¶¶ 6 and 8. Plaintiffs' request for preliminary injunction cannot stand on these uninvestigated beliefs. *Am. Passage Media*, 750 F.2d at 1473; *see also Oakland Tribune*, 762 F.2d at 1377. Accordingly, the following portions of the affidavits of Plaintiffs Pratt and Belleau should be stricken:

- Affidavit of Plaintiff Pratt (ECF No. 32-1) ¶ 7: "I believed that my calls with my incarcerated client were confidential and privileged, just as I believe all of my calls with my inmate clients are confidential and privileged."

- Affidavit of Plaintiff Belleau (ECF No. 32-2) ¶ 5: "I believed these calls were confidential and protected by the attorney-client privilege."

- Affidavit of Plaintiff Belleau (ECF No. 32-2) ¶ 6: "I was told by Plaintiff Tebbetts after my release that several of our calls, calls that I had believed were confidential and had done everything in my power to ensure were confidential, had been recorded by Securus."

**CONCLUSION**

For the foregoing reasons, Securus respectfully requests that the Court strike paragraphs 6, 7, 8, and 9 from the Affidavit of Plaintiff Pratt and paragraphs 5 and 6 from the Affidavit of Plaintiff Belleau.

Dated:  December 28, 2020       Respectfully submitted,


/s/ Jason J. Theobald
Richard Olson
Jason J. Theobald
CURTIS THAXTER LLC
One Canal Plaza, Suite 1000
P.O. Box 7320
Portland, Maine 04112-7320
Tel: 207-774-9000
Email: rolson@curtisthaxter.com
            jtheobald@curtisthaxter.com

Admitted *Pro Hac Vice*:
Adam R. Fox
Gabriel Colwell
Marisol C. Mork
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Email: adam.fox@squirepb.com
            gabriel.colwell@squirepb.com
            marisol.mork@squirepb.com

*Counsel for Defendant*
*Securus Technologies, LLC,*
*f/k/a Securus Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause an electronic notice to be sent to all registered counsel of record.


Dated:   December 28, 2020          */s/ Jason J. Theobald*
                                    Counsel for Defendant
                                    Securus Technologies, LLC,
                                    f/k/a Securus Technologies, Inc.