UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JEREMY PRATT, <br> ROBERT J. RUFFNER, <br> JOHN TEBBETTS, <br> STEVEN BELLEAU, and <br> MATTHEW PERRY <br> on their own behalf and <br> on behalf of all others similarly <br> situated,, <br><br> Plaintiffs, <br><br> v. <br><br> SECURUS TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. <br> 1:20-cv-00295-JDL |

---

**DECLARATION OF JOSHUA CONKLIN IN SUPPORT OF SECURUS TECHNOLOGIES LLC'S (f/k/a SECURUS TECHNOLOGIES, INC.) OPPOSITION TO PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

---

I, Joshua Conklin, declare:

1. I present this declaration in support of Securus Technologies LLC's ("Securus") Opposition to Plaintiffs' Motion for Preliminary Injunction and Plaintiffs' Motion for Expedited Discovery. I am over 18 years old. I am the Vice President of Sales for Securus. I have been employed by Securus in this position for approximately eleven years. I have personal knowledge of the facts contained in this declaration, and, if called as a witness, will testify to their accuracy.

## BACKGROUND

2. Securus is a leading provider of secure inmate telecommunications services in the United States. It provides inmate telephone services to correctional agency customers through its Secure Call Platform ("SCP"), a centralized VOIP system, with all call handling, including call recording, processed in Securus' data centers. All calls from a Securus correctional facility customer to any call recipient are placed on SCP.

3. As Vice President of Sales for Securus, my job responsibilities include management and oversight of Securus' various products and services for its correctional facility customers. I am familiar with the various features of Securus' inmate telephone services, including, among other things, the ability to record inmate calls; the admonishments that play at the beginning of calls from inmates to non-private telephone numbers; and the process by which facility customers may privatize telephone numbers dialed from their facility, so that calls are not recorded or monitored.

4. Securus has contracts to provide inmate telephone services to various Maine County jails, including but not limited to the Androscoggin County Jail, Aroostook County Jail, and Franklin County Jails which facilities I understand are specifically mentioned in Plaintiffs' First Amended Complaint ("FAC").

5. I understand that Plaintiffs' FAC also alleges that Securus provides inmate telephone services to the Somerset County Jail in Maine and has recorded

## BACKGROUND

2. Securus is a leading provider of secure inmate telecommunications services in the United States. It provides inmate telephone services to correctional agency customers through its Secure Call Platform ("SCP"), a centralized VOIP system, with all call handling, including call recording, processed in Securus' data centers. All calls from a Securus correctional facility customer to any call recipient are placed on SCP.

3. As Vice President of Sales for Securus, my job responsibilities include management and oversight of Securus' various products and services for its correctional facility customers. I am familiar with the various features of Securus' inmate telephone services, including, among other things, the ability to record inmate calls; the admonishments that play at the beginning of calls from inmates to non-private telephone numbers; and the process by which facility customers may privatize telephone numbers dialed from their facility, so that calls are not recorded or monitored.

4. Securus has contracts to provide inmate telephone services to various Maine County jails, including but not limited to the Androscoggin County Jail, Aroostook County Jail, and Franklin County Jails which facilities I understand are specifically mentioned in Plaintiffs' First Amended Complaint ("FAC").

5. I understand that Plaintiffs' FAC also alleges that Securus provides inmate telephone services to the Somerset County Jail in Maine and has recorded

calls placed from that facility; both assertions are incorrect. Securus does not presently and has never contracted to provide inmate telephone services to the Somerset County Jail and, as such, has never recorded any calls placed from that facility to anyone.

### SECURUS' SECURE CALL PLATFORM ("SCP") AND PRIVATE CALLS

6. Among other features, SCP permits a correctional facility customer to elect to record or monitor outgoing calls, or, alternatively, to designate telephone numbers as "private" within SCP, so that calls to those private phone numbers are not recorded or monitored. In my experience, the overwhelming majority of correctional facilities elect to record all outgoing phone calls, with the exception of private calls, for the purpose of maintaining safety and security at their institutions, protecting the public, and to deter inmates from committing further crimes during incarceration, such as witness or victim intimidation or to attempt to smuggle contraband into the correctional facilities.

7. I understand that the Androscoggin County Jail, Aroostook County Jail, and Franklin County Jail have elected to record all outgoing calls from each of their respective facilities except those that the respective facilities designate as "private".

8. Each Maine facility served by Securus has the ability to privatize a telephone number in SCP by simply logging onto the facility's user account and designating the phone number as private. Additionally, a facility also can elect to instruct Securus that calls made from the facility to a specific phone number should be privatized, i.e., "Privatize phone number XXX-XXX-XXXX," and Securus will set

the number to private within SCP, so that all calls placed from that facility to the designated number are private. Once a number has been set to private—either by the facility or by Securus at the facility's instruction—calls to the private number from the facility will not be monitored or recorded.

9. Because Securus' correctional facility customers are responsible for their own safety and security, each correctional facility determines within its sole discretion which calls to record or monitor and which phone numbers to designate as private, so that calls placed from the facility to the phone numbers are not recorded or monitored. For this purpose, each facility maintains their own "private number" lists. Securus does not have the right or authority to unilaterally designate calls from a correctional facility to a specific phone number as private, so that the calls to that phone number are not recorded or monitored. Rather, Securus simply follows the instructions of its correctional facility customers to set SCP to record calls or not to record calls. Likewise, if the correctional facility customer instructs Securus to set a phone number within SCP to private, so that calls to the number are not recorded or monitored, Securus does so.

10. Correctional facilities rely upon the inmate and his/her attorney to inform them of the attorney's name and telephone number, so that the facility can set calls from the facility to that phone number as private. Unless and until either the inmate and/or the attorney registers the attorney's name and number with the facility, the facility has no way to know that the phone number is for an attorney and that the attorney is representing the specific inmate in the facility's custody.

Likewise, Securus does not know that a facility has set a specific phone number to private unless and until the facility either sets the phone number to private within SCP or instructs Securus to set the specific phone number to private within SCP.

### SCP CALL ADMONISHMENT

11. For non-private calls within SCP, an admonishment plays at the beginning of the call warning the call recipient that the call is subject to monitoring or recording, and requiring affirmative consent to proceed with the call. For private calls within SCP, no admonishment plays at the beginning of the call.

12. Specifically, for the Androscoggin County Jail, Aroostook County Jail, and Franklin County Jail from January 1, 2019 to present, at the beginning of calls placed from inmate accounts to <u>non-private</u> telephone numbers, the following admonishment played: **"this call is subject to recording and monitoring."** Call recipients were required to either press a specified digit on their phones to proceed with the call after being informed that it would be recorded and monitored, or press a different specified digit to affirmatively decline the call. In the event that the recipient failed to affirmatively accept or reject the call by pressing the specified digit, the call would automatically disconnect.

13. For calls placed from the same facilities to <u>private</u> numbers during the same time period, no such admonishment played.

## NOTICE TO SECURUS ACCOUNT HOLDERS

14. In addition to the aforementioned call admonishment, Securus has made other efforts to notify attorneys that their calls may be subject to monitoring and recording unless they take action to register their phone numbers with the relevant correctional facility. For example, in April 2020, Securus sent an e-mail to all direct billing account holders, which typically includes attorneys, bails bondsmen, and other non-inmate account holders, stating, "**If you are an attorney, please read this carefully.** The fact of creating an account with Securus **does not mean** that calls to your number(s) placed by clients using the Securus system are 'private' and therefore not recorded. Securus is not authorized to designate a number as private unless specifically directed to do so by its facility customer. Further, each facility customer maintains separate and distinct 'private number' lists, so a 'private number' designation at one facility is not automatically a 'private number' designation at every facility where you may represent inmate clients. Therefore, you are solely responsible for contacting each facility from which you receive or may receive inmate client calls to request a 'private number' designation. UNTIL SUCH TIME AS A FACILITY DESIGNATES YOUR NUMBER(S) AS PRIVATE, CALLS YOU RECEIVE **WILL BE** RECORDED AND MAY BE MONITORED. FAILURE TO CONTACT EACH FACILITY AND ENSURE YOUR NUMBER(S) ARE PRIVATE MAY RESULT IN WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE." (Original emphasis.) Attached hereto as **Exhibit A** is a true and correct copy of the e-mail that Securus sent to all Securus direct billing account holders in April 2020.

15. One such Securus direct billing account holder who received the April 2020 e-mail notice referred to in paragraph 14 was Attorney Plaintiff Robert Ruffner ("Plaintiff Ruffner"). Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff Ruffner's Securus account information, including name, customer ID and customer contact ID.

## CALL DETAIL REPORTS REGARDING PLAINTIFFS

16. In addition to call recordings, Securus' SCP also records and maintains various data regarding calls placed on SCP. Securus can extract this data from SCP in a Call Detail Report ("CDR"), which is in a spreadsheet format. A key for understanding the essential information in a CDR is as follows:

    a) "Site" refers to the name of the facility;

    b) "Dialed#" indicates the dialed number (i.e., the call recipient's number);

    c) "Start Time" and "End Time" indicate when the call started and finished;

    d) "Duration" indicates the call's duration in seconds;

    e) "First Name" and "Last Name" indicate the inmate account holder's name;

    f) "Acct#" and "PIN" refer to the inmate's Securus account number and a facility-assigned personal identification number;

    g) "Call Status" indicates whether the parties to the call were

connected;

  h) "Term Cat." means termination category, i.e., explaining how the call terminated; and, <u>importantly</u>,

  i) "Priv" indicates whether the call was to a phone number that previously had been set to "Private" within SCP and therefore was not monitored or recorded. An "x" in the "Priv" column denotes that the call was "Private" and therefore not monitored or recorded.

17. Based upon the phone numbers identified in the caption of the First Amended Complaint for the Attorney Plaintiffs and publically available information concerning the Plaintiffs, I understand that the phone numbers for each Attorney Plaintiff are as follows:

  a) **207-221-5736** (Plaintiff Robert J. Ruffner's office phone number);

  b) **207-236-0020** (Attorney Plaintiff Jeremy Pratt's ("Plaintiff Pratt") office phone number) and **207-701-1117** (Plaintiff Pratt's cellular phone number); and

  c) **207-760-7251** (Attorney Plaintiff Jack Tebbetts' ("Plaintiff Tebbetts") office phone number).

18. My staff searched within SCP for the aforementioned phone numbers to determine whether any calls had been placed to those numbers from the Androscoggin County Jail, Aroostook County Jail and Franklin County Jail during the relevant time period and, if so, whether those calls were designated as "private". We then utilized SCP to generate CDRs reflecting the results.

19. **Plaintiff Ruffner:**

   a) As reflected in the CDRs[1], Plaintiff Ruffner successfully privatized his office phone number (207-221-5736) with the Androscoggin County Jail on or about July 27, 2015 and the Franklin County Jail on or about December 28, 2017. SCP does not reflect any calls to Plaintiff Ruffner's office number from inmates at the Androscoggin County Jail or Franklin County Jail prior to the aforementioned dates.

   b) Attached hereto as **Exhibit C** is a true and correct copy of the CDR for the Androscoggin County Jail reflecting calls placed to Plaintiff Ruffner's office phone number (207-221-5736).[2]

   c) Attached hereto as **Exhibit D** is a true and correct copy of the CDR for the Franklin County Jail reflecting calls placed to Plaintiff Ruffner's office phone number (207-221-5736).

   d) No calls were placed within SCP from the Aroostook County Jail to Plaintiff Ruffner's office phone number (207-221-5736).

20. **Plaintiff Pratt:**

   a) No calls were placed within SCP from the Androscoggin County

---

[1] The portions of the CDR relevant to determine whether a call was private or not have been provided, and the names of inmate account holders who are not named plaintiffs have been redacted.

[2] In Exhibit C, there are two entries on 8/25/2015 stating "PAN Management" under the column "Call Type". These two entries reflect two internal calls within Securus' system used by inmates to add or remove numbers to the list of numbers they are allowed to call. These calls are not outbound inmate calls to Plaintiff Ruffner's office phone number (207-221-5736).

Jail or Franklin County Jail to Plaintiff Pratt's office phone number (207-236-0020) or cellular phone number (207-701-1117).

  b) SCP indicates that Plaintiff Pratt's office phone number (207-236-0020) has not been designated as "private" with the Aroostook County Jail.

21. **Plaintiff Tebbetts**:

  a) No calls were placed within SCP from the Androscoggin County Jail or Franklin County Jail to Plaintiff Tebbetts office phone number (207-760-7251).

  b) As reflected in the CDRs, Plaintiff Tebbetts privatized his office phone number (207-760-7251) with the Aroostook County Jail on or about May 8, 2020. From that date forward, all calls placed from the Aroostook County Jail to his office line were private and therefore were _not_ recorded or monitored. Prior to May 8, 2020, all calls placed from the Aroostook County Jail to his office phone number (207-760-7251) were recorded as a result of Plaintiff Tebbetts failing to request that the Aroostook County Jail privatize his office phone number before that date. Attached hereto as **Exhibit E** is a true and correct copy of the CDR for the Aroostook county jail reflecting calls to Plaintiff Tebbetts' office phone number (207-760-7251) from December 1, 2018 through November 30, 2020.

22. My staff also generated CDRs from SCP for all calls made by former inmate Plaintiffs Matthew Perry ("Plaintiff Perry") and Steven Belleau ("Plaintiff Belleau"), both of whom Plaintiffs allege were previously incarcerated at the Aroostook County Jail and were represented by Plaintiff Tebbetts.

23. **Plaintiff Perry:**

   a) The CDR reflects that while at the Aroostook County Jail, Plaintiff Perry placed 12 (twelve) calls to Plaintiff Tebbetts' office phone number (207-760-7251) before Plaintiff Tebbetts privatized his number with the Aroostook County Jail on or about May 8, 2020. Of these 12 phone calls 9 completed and lasted a total of 222, 278, 236, 37, 89, 320, 171 and 444 seconds, respectively. The other 3 calls did not complete and therefore lasted 0 (zero) seconds each.

   b) However, while at the Aroostook County Jail, Plaintiff Perry also placed 59 (fifty-nine) calls that were privatized to phone number 207-521-5220, which is a telephone number for the Houlton office of Maine law firm, Bloomer Russell Beaupain.

   c) In sum, Plaintiff Perry's attorneys at Bloomer Russell Beaupain successfully privatized their office number with the Aroostook County Jail, and, as a result, Plaintiff Perry's communications with them were **not** recorded in SCP. But, Plaintiff Perry's other attorney, Plaintiff Tebbetts, failed to privatize his number with the Aroostook County Jail before speaking with Perry, and consequently, Plaintiff Perry's aforementioned 9 phone calls from the Aroostook County Jail with Plaintiff Tebbetts were recorded in SCP. Attached hereto as **Exhibit F** is a true and correct copy of the CDR for the Aroostook County Jail reflecting all calls from Plaintiff Perry's account to phone numbers 207-760-7251 and 207-521-5220.

24. **Plaintiff Belleau:**

   a) The CDR for Plaintiff Belleau reflects that he placed 25 (twenty-

five) calls to Plaintiff Tebbetts' office phone number (207-760-7251) from the Aroostook County Jail. But, none of those calls were completed and the duration of all of these calls was 0 (zero) seconds. Additionally, none of the attempted calls to Plaintiff Tebbets were private, nor were any other calls placed by Plaintiff Belleau to any number set to private. Attached hereto as **Exhibit G** is a true and correct copy of the CDR for the Aroostook County Jail reflecting all of Plaintiff Belleau's calls from that facility.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 28, 2020 in Carrolton, Texas.

                                                    JOSHUA CONKLIN

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause an electronic notice to be sent to all registered counsel of record.


Dated:  December 28, 2020         */s/ Jason J. Theobald*
                                  Counsel for Defendant
                                  Securus Technologies, LLC,
                                  f/k/a Securus Technologies, Inc.