IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
Civil Action No. 1:20-cv-00295-JDL

JEREMY PRATT,
ROBERT J. RUFFNER,
JACK TEBBETTS,
STEVEN BELLEAU, and
MATTHEW PERRY
on their own behalf and
on behalf of all others similarly situated,

    Plaintiffs,
v.

SECURUS TECHNOLOGIES, INC.,

    Defendant.

**REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY AND MOTION TO WITHDRAWAL OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs have been illegally recorded by Defendant Securus Technologies, Inc. ("Securus") in violation of Maine Wiretap Act and the Federal Wiretap Act. Based upon Securus' continued use of a problematic system that permits the recording and distribution of calls between attorneys and their inmate clients, Plaintiffs maintain that there is good cause to order expedited discovery such that this practice can be efficiently terminated. However, based on Defendant's assertions in its Opposition to Plaintiffs' Motion for Preliminary Injunction, it appears that Plaintiffs have made an error in both their Motion for Preliminary Injunction and First Amended Complaint ("FAC").[1] Therefore Plaintiffs withdraw their Motion for Preliminary Injunction.[2]

---

[1] FAC ¶¶ 35-39.
[2] Further, Plaintiffs are willing to amend the FAC to remove the sections at issue. Plaintiffs do not believe that such an amendment would materially affect any of the arguments made by either Plaintiffs or Securus in the briefing related to Securus' pending Motion to Dismiss.

1

Nonetheless, this should not distract from Securus' pattern and practice of illegally recording and distributing communications in violation of the Wiretap Acts. The disclosure of these illegal recordings to law enforcement personnel has the potential to cause significant harm to any and all inmates that otherwise were relying on the confidentiality of their communications. This remains an issue that must be resolved with expediency, and therefore Plaintiffs do not withdraw their Motion for Expedited Discovery.

There remains good cause to expedite discovery, and this Court has broad authority over discovery, including the ability to authorize expedited discovery. *Mack v. Great Atlantic and Pacific Tea Co., Inc.*, 871 F.3d 179 (1st Cir. 1989). As noted in Plaintiffs' Motion for Expedited Discovery, Plaintiffs will seek only narrow, limited discovery on an expedited basis to determine the extent of Securus' present violations of the attorney-client privilege and therefore the Wiretap Acts.

Despite Securus' protestations otherwise, there remains good cause to expedite discovery. The continuing COVID-19 pandemic compels additional social distancing restrictions that forces attorneys and their inmate clients to rely on telephonic communications – communications which are vulnerable to a system that insufficiently protects the rights of its users. The scope of Securus' current implementation of its protections must be evaluated on an expedited basis to protect those who are currently relying on its systems. As noted previously, this is a situation where a single failure has the potential to cause both irreparable harm to a single inmate and shake an entire population's trust in the attorney-client privilege. Expedited discovery, at very least, is necessary to address this problem.

Dated: January 11, 2021

        Respectfully Submitted,

        /s/ Benjamin N. Donahue
        Benjamin N. Donahue
        Hallett, Whipple & Weyrens, P.A.
        Six City Center
        P.O. Box 7508
        Portland, Maine 04112-7508
        Tel - 207.775.4255
        Fax - 207.775.4229
        www.hww.law
        bdonahue@hww.law


        /s/Andrew Schmidt
        Andrew Schmidt, Esq.
        Andrew Schmidt Law, PLLC
        97 India St.
        Portland, Maine 04101
        (207) 619-0320
        Andy@maineworkerjustice.com

        /s/ Peter Mancuso
        Peter Mancuso, Esq
        Andrew Schmidt Law, PLLC
        97 India St.
        Portland, Maine 04101
        (207) 619-0884
        Peter@maineworkerjustice.com

        *Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will automatically send notice of such filing to all counsel of record.

Dated: January 11, 2021

    /s/Peter Mancuso
Peter Mancuso
Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
207-619-0884
Peter@MaineWorkerJustice.com

*Attorneys for the Plaintiffs*