IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
Civil Action No. 1:20-cv-00295-JDL

JEREMY PRATT,
ROBERT J. RUFFNER,
JACK TEBBETTS,
STEVEN BELLEAU, and
MATTHEW PERRY
on their own behalf and
on behalf of all others similarly situated,

     Plaintiffs,

v.

SECURUS TECHNOLOGIES, INC.,

     Defendant.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs Robert J. Ruffner, Jack Tebbetts, Steven Belleau and Matthew Perry, through their undersigned counsel, move this Court for leave to file a Second Amended Complaint (annexed hereto as Exhibit A).

Plaintiffs filed this case on August 13, 2020; then, in response to Defendant Securus Technology, Inc.'s ("Securus") Motion to Dismiss (ECF 14), filed a First Amended Complaint on November 5, 2020 (ECF 18).[1] Defendants Moved to Dismiss the First Amended Complaint on November 20, 2020 (ECF 23). Plaintiffs Opposed Defendant's Motion to Dismiss on December 11, 2020 (ECF 34), and Defendant filed a Reply in Support of the Motion to Dismiss on December 28, 2020 (ECF 36). Following oral argument, the Court granted Defendants' Motion to Dismiss

---

[1] A problem with the technological side of the filing caused the first filing of the First Amended Complaint on November 5, 2020 (ECF 18) to not be accepted. Plaintiffs refiled the First Amended Complaint (ECF 21) again on November 6, 2020.

on April 30, 2021 (ECF 50), but also granted Plaintiffs 10 days in which to file a motion for leave to file a second amended complaint.

In opposing Defendant's Motion to Dismiss, Plaintiffs disagreed with several arguments and interpretations of the Maine and Federal Wiretap Acts (the "Wiretap Acts") put forth by Defendant; specifically, the precise nature of intent that the Wiretap Acts require a party to plead and ultimately prove. Plaintiffs' disagreement was based on a dispute of law and interpretation of statute and not on a belief that Securus' actions and intent did not satisfy the higher requirement espoused by Defendant in its Motion to Dismiss. Because of this, Plaintiffs' Opposition also requested leave to file an amended complaint to cure deficiencies that would be present if the Court were to accept Defendant's interpretation of the Wiretap Acts. Plaintiffs now file this motion to do exactly that.

Plaintiffs' proposed Second Amended Complaint makes several substantive changes, including: (i) removing Jeremy Pratt as a named Plaintiff; and (ii) adding allegations concerning the extent of Defendant's knowledge of and intent to intercept, record, and distribute privileged communications between inmates and their attorneys in violation of the Federal and Maine Wiretap Acts. Plaintiffs propose no additional causes of action. These changes are outlined in a tracked changes version annexed hereto as Exhibit B.

In cases other than where a party is amending a pleading as a matter of course, Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). None of the factors that courts have considered in refusing to grant leave to amend are present here.

Plaintiffs have exercised no undue delay– Plaintiff's First Amended Complaint was filed in a timely manner in accord with Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs sought no further amendment until the present motion, which is being filed within the time limit prescribed by the Court in its April 30, 2021 order. Further, the Second Amended Complaint does not represent a repeated attempt to cure deficiencies by amendments previously allowed. Plaintiffs defended their First Amended Complaint and interpretation and application of the Wiretap Acts in good faith. Plaintiffs now seek to comport their operative pleading with the interpretation of the Wiretap Acts concluded by the Court, this disagreement being the ultimate cause of this Court's grant of Defendant's Motion to Dismiss. There is no evidence of bad faith or undue prejudice.

Finally, Plaintiffs' proposed amendment would not be futile. The amendments outlined in Plaintiffs' Second Amended Complaint outline and expand Plaintiffs' allegations regarding Securus' knowledge and intent regarding its violations of the Wiretap Acts. These allegations comport with the interpretation set forth by the Court in its April 30, 2021 order and thereby set forth both standing (as found by the Court) and a claim upon which relief can be granted. Justice so requires that Plaintiffs' motion for leave to amend be granted.

Dated: May 10, 2021

        Respectfully Submitted,

        /s/Andrew Schmidt
        Andrew Schmidt, Esq.
        Andrew Schmidt Law, PLLC
        97 India St.
        Portland, Maine 04101
        (207) 619-0320
        Andy@maineworkerjustice.com

        /s/ Peter Mancuso
        Peter Mancuso, Esq
        Andrew Schmidt Law, PLLC
        97 India St.
        Portland, Maine 04101
        (207) 619-0884
        Peter@maineworkerjustice.com


        Benjamin N. Donahue
        Hallett, Whipple & Weyrens, P.A.
        Six City Center
        P.O. Box 7508
        Portland, Maine 04112-7508
        Tel - 207.775.4255
        Fax - 207.775.4229
        www.hww.law
        bdonahue@hww.law

        *Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will automatically send notice of such filing to all counsel of record.

Dated: May 10, 2021

    /s/Peter Mancuso
Peter Mancuso
Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
207-619-0884
Peter@MaineWorkerJustice.com

*Attorneys for the Plaintiffs*