# Exh. B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
Civil Action No. 1:20-cv-00295-JDL

ROBERT J. RUFFNER,
JACK TEBBETTS,
STEVEN BELLEAU, and
MATTHEW PERRY
on their own behalf and
on behalf of all others similarly situated,

    Plaintiffs,
v.

SECURUS TECHNOLOGIES, INC.,

    Defendant.

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs, Robert Ruffner, Jack Tebbetts, Steven Belleau and Matthew Perry, by and through their undersigned counsel, file this Second Amended Class Action Complaint for damages and injunctive relief against the above-listed Defendant Securus Technologies, Inc. ("Securus")

**STATEMENT OF THE CASE**

1. Defendant Securus, under contract with county jails in Maine, intentionally intercepted, recorded and distributed phone calls between inmates and their attorneys without consent. The intentional recording of calls without consent violates the federal and state wiretap acts. Many of these calls included confidential information protected by the attorney-client privilege because the inmates were seeking and receiving legal advice. Defendant Securus was aware or was willfully blind to the fact that it operated a system in Maine that intercepted, recorded and distributed calls between inmates and their attorneys wherein inmates sought and/or received legal advice. This intent is shown by the fact that over 800 attorney-client calls to and from Maine

1

facilities were eventually uncovered, the fact that Securus has a pattern of similar illegally recorded calls in multiple other jurisdictions for many years, and the fact that despite this, Securus avoided taking any steps to protect confidential calls, instead leaving it to the jails to screen out certain numbers.

2. The number of calls between attorneys and clients that were recorded and eventually uncovered shows that even if a system was in place to screen attorney-client calls, it did not in fact screen out many attorney-client calls. The fact that over 800 calls were uncovered to date shows that this was not a one-time mistake, but a systemic failure that Securus intentionally ignored.

3. Securus faced similar problems in many jurisdictions resulting in litigation and still did not take proactive steps to stop the problem. *See Austin Lawyers Guild, et al. v. Securus Technologies, Inc., et al.*, No. 1:14-cv-366 (W.D. Tex.,) – filed April 29, 2014; *Romeo v. Securus Technologies, Inc.*, No. 3:16-cv-1283 (S.D. Cal.) – filed May 27, 2016; *Crane v. Corrections Corporation of America*, No. 4:16-cv-947 (W.D. Mo.) – filed August 31, 2016; *Huff, et al. v. Corecivic, Inc., et al*, No. 2:17-cv-2320 (D. Kan.) – filed June 1, 2017.

4. To the extent that Securus had a screening system to protect confidential calls, Securus deliberately left that system to be implemented by the jails, despite knowing that many jails had not successfully screened out confidential calls in the past and that the jails had little incentive to ensure the appropriate calls were in fact screened.

5. Further, upon information and belief, Defendant Securus was aware that the system it operated in Maine would continue intercepting, recording and distributing calls between inmates and their attorneys wherein inmates sought and/or received legal advice. Despite this knowledge, Defendant Securus took no proactive steps to protect the privacy rights of the attorneys and/or

2

inmates whose interests were at risk. Instead, Securus intentionally recorded each of the calls that were actually captured with disregard for what those calls might have contained.

6. These attorney-client protected recorded calls between an inmate and their attorney have often been turned over to the office of the Maine Attorney General and, upon information and belief, local District Attorneys responsible for criminal proceedings involving the inmate.

7. Maine State and Federal laws prohibit the recording of calls protected by the attorney-client privilege.

8. Securus' illegal interception and recording of calls protected by the attorney-client privilege therefore violates Maine and Federal recording and wiretapping laws.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Robert J. Ruffner is a resident of Cumberland county, Maine.

10. Plaintiff John W. Tebbetts is a resident of Aroostook county, Maine.

11. Plaintiff Steven Belleau is a resident of Aroostook county, Maine.

12. Plaintiff Matthew Perry is an individual who resides in Knox county, Maine, and is presently held in the Maine State Prison.

13. Defendant Securus Technologies, Inc. is a corporation headquartered in Texas that does substantial business in Maine.

14. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Federal Wiretapping Laws, Federal Wiretap Act, 18 U.S.C. § 2510 et seq.

15. Plaintiffs request that this Court exercise supplemental jurisdiction over their claims under the laws of Maine, pursuant to 28 U.S.C. § 1367.

3

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims of the named Plaintiffs occurred in the District of Maine, and the Defendant conducts substantial business in the state of Maine.

### FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

**Securus Intercepts and Records Conversations Protected by the Attorney-Client Privilege.**

17. Securus contracts with prisons and jails across the nation, including facilities in Maine, to provide telephone and video conferencing services for detainees.

18. Securus has been sued in several jurisdictions across the country for violating the Federal Wiretap Act and other similar laws by intercepting, recording and/or distributing calls the Federal Wiretap Act prohibits.

19. Accordingly, Securus was aware well prior to the events giving rise to this action that the system it uses routinely intercepts calls that the Wiretap Acts prohibits it from recording, including calls protected by the attorney-client privilege.

20. Securus purportedly exempts certain calls from its program of intercepting, recording and distributing all inmates' calls. To do so, Securus requires attorneys and inmates to jump through a series of hoops to avoid having their calls recorded.

21. However, the sheer number of recorded attorney-client calls and lawsuits showing that Securus' system has recorded attorney-client privileged calls in violation of the Federal Wiretap Act demonstrates that Securus' procedures for exempting calls are either: (i) inadequately explained to the parties that needed to complete them; or (ii) ineffective even when satisfied.

22. Regardless of the cause, be it one of implementation or technology, it is clear that Securus was either aware of the fact that its system repeatedly failed and recorded communications in violation of the Wiretap Act, or was willfully blind to that fact.

4

23. Here in Maine, Securus entered into contracts with Maine jails to provide telecommunication services for inmates.

24. Pursuant to these contracts, Securus intentionally intercepts, records and distributes all inmates' calls, with some purported exceptions described above.

25. Further, despite Securus' purported exemption, since July 2019, Securus has recorded over 800 calls between attorneys and their inmate clients at the Androscoggin, Aroostook, Franklin and Somerset county jails, encompassing over 150 inmates and 30 law firms and/or attorneys.

26. Annexed hereto as Exhibits A, B and C are redacted spreadsheets listing the calls Securus recorded between attorneys and their inmate clients at the Androscoggin, Aroostook and Franklin county jails, respectively. Plaintiffs have redacted the names of inmates as well as the phone numbers of attorneys and attorneys' offices they have called. An unredacted version of these exhibits can be filed under seal at the Court's discretion.

27. Interception and recording of attorney-client privileged calls is illegal under Maine law and therefore under the federal wiretapping law.

28. As described above, Securus failed to screen out attorney-client privileged calls from those calls it recorded.

29. Securus intentionally distributed calls, including calls protected by the attorney-client privilege, to jail administrators who are often law enforcers.

30. Securus intentionally distributed calls, including calls protected by the attorney-client privilege, to local District Attorneys and those in District Attorneys' offices in the State of Maine.

5

31.     Securus intentionally distributed calls, including calls protected by the attorney-client privilege, to the office of the Maine Attorney General, including but not limited to Assistant Attorney Generals.

**Securus Records and Transmits Attorney-Client Communications between Plaintiffs Ruffner and/or Tebbetts and their client to the Maine Attorney General**

32.     Plaintiff Attorney John Tebbetts and Plaintiff Attorney Robert Ruffner represent inmate John Doe in an ongoing criminal matter. Inmate John Doe is currently in the Aroostook county jail.

33.     Between August 2019 and the present, Plaintiff Tebbetts, Plaintiff Ruffner or someone from their respective offices had many telephone conversations with inmate John Doe in which the inmate sought legal advice.

34.     Such conversations are protected by the attorney-client privilege.

35.     In May 2020, the office of the Maine Attorney General contacted Plaintiff Ruffner, who is acting as co-counsel of Plaintiff Tebbetts with regard to inmate John Doe, to inform Plaintiff Ruffner that they received recordings of hundreds of calls from Defendant Securus between inmate John Doe and either Tebbetts, someone from Tebbetts' office or Plaintiff Ruffner.

36.     The representative from the AG's office had listened to many of the calls, but could not confirm how many of the calls were protected by the attorney-client privilege or how many of the calls they had listened to were protected by the attorney-client privilege.

37.     The representative from the AG's office contacted Plaintiff Ruffner because he was concerned that he had access to calls that he should not legally have.

38.     The AG's office provided Plaintiffs Ruffner and Tebbetts with copies of the recorded calls they received from Defendant Securus and asked them to screen out privileged calls.

6

39. The AG's office further informed Tebbetts that they became aware they had been provided by Securus recordings of calls between inmate John Doe and either Plaintiffs Ruffner, Plaintiff Tebbetts' or someone from either Plaintiff Ruffner or Tebbetts' office because a Detective listened to the recordings and recognized Tebbetts' voice.

40. Plaintiff Tebbetts and personnel in Tebbetts' office have been diligently reviewing the recorded calls provided by the AG's office.

41. To date Plaintiff Tebbetts has confirmed that several of the calls provided by Securus to the Maine Attorney General's office are protected by the attorney-client privilege.

*Deleted: Attorney-Client*

42. In August 2020, Plaintiff Tebbetts was provided with a list of calls that were recorded by Defendant Securus at the Aroostook county jail which includes a list of individuals who have listened to the calls or downloaded them for later listening. A redacted list of these calls is annexed hereto as Exhibit D. As with Exhibits A-C, Plaintiffs can file the un-redacted version of this spreadsheet at the Court's direction.

**Securus Records Attorney-Client Privileged Communications between Plaintiff Perry and his Attorney.**

*Deleted: Securus Records and Transmits Attorney-Client Privileged Communications between Plaintiff Pratt and his client to the Maine Attorney General*
*Plaintiff Attorney Jeremy Pratt represents an inmate in an ongoing criminal proceeding.*
*Plaintiff Pratt's client is currently incarcerated at the Somerset county jail.*
*Plaintiff Pratt was contacted by an Assistant Attorney General for the State of Maine in April 2020 who informed Plaintiff Pratt that in reviewing recordings of jail calls he received from Securus, he recognized Plaintiff Pratt's voice on a call with his client.*
*This call was protected by the Attorney-Client privilege as in it Plaintiff Pratt's client sought legal advice.*
*Plaintiff Pratt was given a copy of the recorded call by the Assistant Attorney General, but was not informed if other calls with his client had been recorded or reviewed.*

43. Plaintiff Perry was an inmate in the Aroostook County Jail in 2018.

44. Plaintiff Perry was represented by Plaintiff Tebbetts while he was incarcerated in Aroostook county jail.

45. Securus recorded several calls during which Plaintiff Perry sought legal advice from Plaintiff Tebbetts.

46. These calls were protected by the attorney-client privilege and should not have been recorded.

*Deleted: Attorney-Client*

*Formatted: Indent: Left: 0.5", No bullets or numbering*

7

**Securus Records Attorney-Client Privileged Communications between Plaintiff Steven Belleau and his Attorney.**

47. Plaintiff Belleau was an inmate in the Aroostook County Jail between May 2019 and January 2020.

48. Plaintiff Belleau was represented by Plaintiff Tebbetts in his criminal case.

49. During his incarceration at the Aroostook County Jail, Plaintiff Belleau made multiple calls to Plaintiff Tebbetts and/or Plaintiff Tebbetts' office in which he sought and received legal advice.

50. The content of these calls was protected by the attorney-client privilege.

51. Securus recorded these calls that were protected by the attorney-client privilege.

52. Plaintiff Belleau was never given any handbook, direction, or instructions of any kind, whether written or otherwise, that told him how to block the recording of his calls with his attorney.

**RULE 23 CLASS ACTION ALLEGATIONS**

53. The named Plaintiffs assert their claims as a Fed. R. Civ. P. 23 class action on their own behalf and on behalf of a class for which Plaintiffs seeks certification.

8

54. Pending any modifications necessitated by discovery, the named Plaintiffs preliminarily define the following classes:

| | |
|---|---|
| ATTORNEY CLASS | ALL ATTORNEYS, EXCLUDING ATTORNEYS FOR THE PLAINTIFF, WHOSE CONFIDENTIAL COMMUNICATIONS WITH THEIR INMATE CLIENTS IN MAINE COUNTY JAILS WERE IMPROPERLY INTERCEPTED, USED, RECORDED, OR DISCLOSED BY SECURUS. |
| CLIENT CLASS | ALL CURRENT AND FORMER INMATES OF MAINE COUNTY JAILS WHOSE CONFIDENITAL COMMUNICATIONS WITH THEIR ATTORNEYS WERE IMPROPERLY INTERCEPTED, USED, RECORDED OR DISCLOSED BY SECURUS. |

55. Upon information and belief, the Defendant Securus illegally recorded calls between class members in the Attorney and Client Classes in substantially the same way.

56. The putative classes are so numerous that joinder of all potential class members is impracticable. Plaintiffs do not know the exact size of each of the classes since that information is within the control of Defendant Securus, but upon information and belief the number is many hundreds.

57. There are questions of law or fact common to the classes which predominate over any individual issues that might exist. Common questions of law and fact include:

   a. whether Defendant Securus has been intentionally intercepting the attorney-client communications of the Attorney and Client Classes;

   b. whether Defendant Securus has been disclosing the attorney-client communications of the Attorney and Client Classes

   c. whether Defendant Securus has been using the attorney-client communications of the Attorney and Client Classes;

> d. whether Defendant Securus has been recording the attorney-client communications of the Attorney and Client Classes;
>
> e. whether Defendant Securus' policies and practices described herein were unlawful under Maine and Federal wiretap laws;
>
> f. whether Defendant Securus' actions were willful and/or intentional;
>
> g. the amount of damages appropriate for the Attorney and Client Classes; and
>
> h. whether injunctive relief is warranted to prevent Defendant Securus from causing future harm.

58. The class claims asserted by the Plaintiffs are typical of the claims of all of the potential class members. This is an uncomplicated case where the facts are clear, but Defendant Securus may claim the conduct was legal. The class claims are typical of those pursued by victims of these violations. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy.

59. Plaintiffs, as representatives of their respective putative classes, will fairly and adequately protect the interests of their respective classes because:

> a. Named Plaintiffs Ruffner and Tebbetts, and named Plaintiffs Perry and Belleau have knowledge regarding the facts and circumstances that give rise to their claims and the claims of the putative Attorney and Client Classes, respectively;
>
> b. Named Plaintiffs are strongly interested and highly motivated to assert and protect their own rights and the rights of the putative classes in a vigorous fashion; and
>
> c. The named Plaintiffs are represented by counsel experienced in class action.

10

> **Formatted:** Header

60. The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendant.

61. Each class member's claim is relatively small. Thus, the interest of potential class members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and the pertinent state laws are appropriate vehicles to vindicate the rights of those employees with small claims as part of the larger class.

62. Plaintiffs are unaware of any members of the putative classes who are interested in presenting their claims in a separate action.

63. Plaintiffs are unaware of any pending litigation commenced by members of any of the classes concerning the instant controversy.

64. It is desirable to concentrate this litigation in one forum.

65. This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of the case to both class litigation and the use of representative testimony and representative documentary evidence.

66. The contours of the classes will be easily defined by reference to Defendant's records matched against attorney phone numbers.

11

**CLAIMS FOR RELIEF**

**COUNT I:
VIOLATION OF FEDERAL WIRETAP ACT, 18 U.S.C. § 2510 et seq.
ON BEHALF OF THE NAMED PLAINTIFFS AND
THE ATTORNEY AND CLIENT CLASSES**

67. The Plaintiffs incorporate all previous paragraphs.

68. Plaintiffs bring this claim on their own behalf and on behalf of the Attorney and Client Classes.

69. The named Plaintiffs and others similarly situated were inmates and attorneys whose attorney-client calls were intercepted and recorded by the Defendant.

70. The Defendant used a device to intentionally intercept the class members' communications, including attorney-client communications.

71. That device was affixed to the wires of the calling system used in wire communication.

72. Subsequently the Defendant intentionally disclosed the intercepted conversations to third parties.

73. Under 18 U.S.C. § 2520, named Plaintiffs and the putative classes are entitled to actual and statutory damages, punitive damages, costs and attorneys fees.

74. The Plaintiffs further demand preliminary and declaratory equitable relief requiring Securus to cease recording inmate calls unless and until it can screen out attorney-client privilege calls. Plaintiffs demand that a copy of all calls be produced to class counsel to be held in trust and turned over to the affected class members upon future request, and then that the Defendant be ordered to destroy all copies of illegally recorded calls.

12

**Formatted:** Header

## COUNT II:
## VIOLATIONS OF 15 M.R.S. § 710 ET SEQ, INTERCEPTION OF WIRE AND ORAL COMMUNICATIONS
## ON BEHALF OF THE NAMED PLAINTIFFS AND
## THE ATTORNEY AND CLIENT CLASSES

75. Plaintiffs incorporate all previous paragraphs.

76. The Defendant knowingly and intentionally intercepted oral and wire attorney-client communications interfering with the attorney-client privilege.

77. The Defendant knowingly and intentionally disclosed oral and wire attorney-client communications interfering with the attorney-client privilege by providing them to the jails.

78. Under 15 M.R.S. § 711 the Plaintiffs and class are entitled to actual damages, liquidated damages, and attorneys' fees and costs.

79. The Plaintiffs further demand preliminary and declaratory equitable relief requiring Securus to cease recording inmate calls unless and until it can screen out attorney-client privilege calls. Plaintiffs demand that a copy of all calls be produced to class counsel to be held in trust and turned over to the affected class members upon future request, and then that the Defendant be ordered to destroy all copies of illegally recorded calls.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiffs respectfully requests that this Court enter an order or orders:

a. Awarding Named Plaintiffs and the Attorney and Client Classes damages, and liquidated damages, punitive damages, attorneys fees, and costs under 18 U.S.C. § 2520 and 15 M.R.S. § 711.

b.  Awarding Named Plaintiffs and the Attorney and Client Classes injunctive relief preventing the Defendant from intercepting, recording, and distributing inmate calls unless they know they are not between inmates and their attorneys. Furthermore, Plaintiffs demand that a copy of all calls be produced to class counsel to be held in trust and provided to affected class members upon request and then that the recordings be destroyed.

c.  Awarding Named Plaintiffs and the Attorney and Client Classes pre- and post-judgment interest as permitted by law; Granting such other relief as this Court deems just and proper.

Dated: May 10, 2021

                                        Respectfully Submitted,

                                        /s/Andrew Schmidt
                                        Andrew Schmidt, Esq.

                                        /s/ Peter Mancuso
                                        Peter Mancuso, Esq
                                        Andrew Schmidt Law, PLLC
                                        97 India St.
                                        Portland, Maine 04101
                                        (207) 619-0884
                                        Andy@maineworkerjustice.com
                                        Peter@maineworkerjustice.com

                                        Benjamin N. Donahue
                                        Hallett, Whipple & Weyrens, P.A.
                                        Six City Center
                                        P.O. Box 7508
                                        Portland, Maine 04112-7508
                                        Tel - 207.775.4255
                                        Fax - 207.775.4229
                                        www.hww.law
                                        bdonahue@hww.law

                                        *Attorneys for the Plaintiffs*

14