## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| JEREMY PRATT,<br>ROBERT J. RUFFNER,<br>JACK TEBBETTS,<br>STEVEN BELLEAU, and<br>MATTHEW PERRY,<br>on their own behalf and<br>on behalf of all others<br>similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br>1:20-cv-00295-JDL |

## DEFENDANT SECURUS TECHNOLOGIES, LLC'S (f/k/a SECURUS TECHNOLOGIES, INC.) OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## I.   INTRODUCTION

County jails and other carceral facilities routinely monitor and record inmate phone calls. To shield privileged discussions between inmates and their lawyers from such surveillance, these institutions have established basic procedures long characterized by the First Circuit as "lawful restrictions founded upon reasonable prison-security measures." *Gilday v. Dubois,* 124 F.3d 277, 294 (1st Cir. 1997). This case concerns a group of inmates and their attorneys in Maine who failed to follow these basic and longstanding procedures. Rather than assume responsibility for this

oversight, they seek to shift blame onto Securus Technologies LLC, a private company that contracts with a number of carceral facilities to provide telephone services.

The Court previously dismissed Plaintiffs' claims "[b]ecause the Complaint does not plausibly allege that Securus's 'conscious objective' was to record attorney-client calls." ECF No. 50 (Order) at 14. The Court explained that Plaintiffs needed to allege that "Securus intentionally recorded attorney-client calls, not just that it intentionally recorded phone calls made from jail phones." *Id.* at 12. Stated another way, Plaintiffs failed to allege that "Securus specifically intended to record attorney-client phone calls," and instead averred "simply that Securus intended to record phone calls made from jail phones," and some of the recorded calls happened to be privileged. *Id.* at 10. Importantly, the Court also acknowledged that the Maine Department of Corrections had promulgated a written policy that "sets forth the procedures for a prisoner to designate 'names and numbers to which the prisoner wishes to make legal telephone calls.'" *Id.* at 2 (quoting ECF No. 26-1 at 5).

Plaintiffs have now filed a Motion for Leave to Amend, proposing a Second Amended Complaint that still fails to allege any conscious objective of Securus to record privileged calls. Instead, Plaintiffs simply pepper their previous allegations with more than ten new insertions of the words "intent," "intentional," or "intentionally," and a smattering of words like "aware" and "willfully blind." Plaintiffs tellingly do not plead any new facts to support these newly added labels and conclusions. Indeed, one new factual allegation Plaintiffs make actually serves to undermine them. In this regard, Plaintiffs now specifically plead that Securus

"*exempts* certain calls from its program of intercepting, recording and distributing all inmates' calls," and that it does this precisely so that inmates and their attorneys may "*avoid* having their calls recorded." ECF No. 51-1 (Proposed Second Amend. Compl.) ¶ 20 (emphases added).[1]

Despite now admitting in its proposed amended pleading that they could have exempted their own privileged calls from being recorded, Plaintiffs do not allege any efforts they took to obtain the exemption. The proposed amended pleading also "does not allege that Securus—rather than the jail officials—was under a duty, contractual or otherwise, to provide inmates with information about how to protect their privileged calls." ECF No. 50 (Order) at 12-13. Likewise, the proposed amended pleading "does not allege that Securus was sufficiently aware of any laxity in the jails' procedures such that its continuing to record unprotected phone calls, without taking affirmative steps to address the issue, establishes that it intended to record attorney-client calls." *Id.* at 13.[2] Because these observations about the First Amended

---

[1] Plaintiffs also admittedly contend that "Securus requires attorneys and inmates to jump through a series of hoops" to obtain the referenced exemption, but they plead no facts to elaborate or otherwise render this a plausible allegation, whether it is meant literally or not. ECF No. 51-1 (Proposed Second Amend. Compl.) ¶ 20.

[2] Plaintiffs allege that "Securus was aware that the system it operated in Maine would continue intercepting, recording and distributing calls between inmates and their attorneys." ECF No. 51-1 (Proposed Second Amend. Compl.) ¶ 5. Rather than provide any factual details to explain why this would be so, Plaintiffs make this allegation "on information and belief" and fail to identify the information on which their belief is based. *Id.* Plaintiffs vaguely allege that "many jails had not successfully screened out confidential calls in the past and that the jails had little incentive to ensure the appropriate calls were in fact screened." *Id.* ¶ 4. Again, they do not detail any facts to support this conclusory assertion. Indeed, it is not even clear from this averment whether the jails referenced by Plaintiffs include any in Maine—let alone those at issue in this lawsuit—particularly as the paragraph in which this allegation appears immediately follows one focused on lawsuits filed against Securus in other jurisdictions. *See id.* ¶¶ 3 & 4.

Complaint prompted its dismissal, the proposed, additional amendments are inadequate and futile.

This Court should accordingly deny Plaintiffs' Motion for Leave to Amend.

## II.  <u>BACKGROUND</u>

Plaintiffs commenced this action on August 13, 2020, filing a Complaint alleging that Securus had violated the Federal and Maine Wiretap Acts by failing "to screen out Attorney-Client privileged calls, and then illegally intercept[ing] these calls and distribut[ing] them to jail administrators." ECF No. 1 (Compl.) ¶ 15. On October 15, 2020, Securus timely filed motions to dismiss and to strike the class allegations. ECF Nos. 14 & 16. Plaintiffs elected not to defend their original pleading and on November 5, 2020, filed a First Amended Complaint, once again asserting claims under the Federal and Maine Wiretap Acts. ECF No. 18. Due to errors in their submission, Plaintiffs refiled a corrected version of the pleading on the following day. ECF Nos. 19, 20 & 21.

On November 20, 2020, Securus again filed motions to dismiss and to strike the class allegations. ECF Nos. 24 & 25. Among other things, Securus sought dismissal because Plaintiffs did not plausibly plead a violation of the wiretap statutes. The Court agreed, explaining that "'[i]ntentional' as used in the context of [the Federal Wiretap Act] 'means more than that one voluntarily engaged in conduct or caused a result.'" *Id.* at 9 (quoting *In re HIPAA Subpoena*, 961 F.3d 59, 65 (1st Cir. 2020)). "Instead, the 'conduct or the causing of the result must have been the person's conscious objective.'" *Id.* (quoting *In re HIPAA Subpoena*, 961 F.3d at 65). Based on

4

this governing law, the Court concluded that "[b]ecause the Complaint does not plausibly allege that Securus's 'conscious objective' was to record attorney-client calls, it fails to state a claim that Securus violated the Federal Wiretap Act or the Maine Wiretap Act." ECF No. 50 (Order) at 14 (citation omitted).

Plaintiffs now seek to amend their operative pleading for a second time, purporting to accomplish generally two things: "(i) removing Jeremy Pratt as a named Plaintiff, and (ii) adding allegations concerning the extent of Defendant's knowledge of and intent to intercept, record, and distribute privileged communications between inmates and their attorneys in violation of the Federal and Maine Wiretap Acts." ECF No. 51 (Motion) at 2. Although Securus does not object to Mr. Pratt's voluntarily withdrawal from this case, Securus opposes Plaintiffs' proposed amendments because they do not survive the standard announced by this Court. In short, the proposed amendments are futile and the Court should now dismiss the case with prejudice.

## III.   **GOVERNING LEGAL STANDARD**

Although the Federal Rules of Civil Procedure encourage trial courts to "freely" permit pleading amendments "when justice so requires," Fed. R. Civ. P. 15(a)(2), motions for leave to amend are not automatic. *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006) (holding that a court need "not . . . mindlessly grant every request for leave to amend"). "In appropriate circumstances—undue delay, bad faith, futility, and the absence of due diligence on the movant's part are paradigmatic examples—leave to amend may be denied." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). Plaintiffs must accordingly plead a plausible claim in their proposed amended pleading; mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs also may not simply advance a "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor may Plaintiffs employ "information and belief" pleading to advance otherwise speculative assertions about topics that a reasonable investigation may uncover. *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 44 (1st Cir. 2012).

Even if a legal theory appears cognizable and supported by detailed factual allegations, if such "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," they still fail to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is "plausible" and therefore cognizable only if it offers more than the "possibility that a defendant has acted unlawfully" or is "'merely consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## IV.   **ARGUMENT**

Plaintiffs' proposed Second Amended Complaint makes the same basic allegations that rendered its First Amended Complaint deficient: Securus provided a

platform to various jails that allowed inmates to use phones, and enabled the facilities to monitor, record and distribute their calls, "*including* calls protected by the attorney-client privilege." ECF No. 51-1 (Proposed Second Amend. Compl.) ¶¶ 29, 30 & 31 (emphasis added). As the Court previously held, these allegations are insufficient to plausibly aver that "Securus specifically intended to record attorney-client phone calls." ECF No. 50 (Order) at 10. They are especially insufficient in light of Plaintiffs' additional allegation that Securus "*exempts* certain calls from its program of intercepting, recording and distributing all inmates' calls," precisely so that inmates and their attorneys may "*avoid* having their calls recorded." ECF No. 51-1 (Proposed Second Amend. Compl.) ¶ 20 (emphases added). In short, the proposed new allegations fail to support a cognizable claim that Securus violated either the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.,* or the equivalent Maine statute, 15 M.R.S. § 709 *et seq. See* ECF No. 50 (Order) at 14.

### A.   The Proposed Second Amended Complaint Is Futile Pursuant To The Rationale Of This Court's Prior Dismissal Order.

Plaintiffs fail to plausibly allege facts supporting a conclusion that Securus had the conscious objective necessary to transform their previously dismissed claims into ones that can survive a motion to dismiss. Plaintiffs' newly proposed pleading liberally employs throughout its allegations the words "intent," "intentional," "intentionally," "aware," and "willfully blind," but these words amount to mere "labels and conclusions" that "will not do" in asserting a cognizable claim. *Twombly*, 550 U.S. at 555. Indeed, these few, new words are also "too meager, vague, or conclusory to

remove the possibility of relief from the realm of mere conjecture." *Katz v. Pershing, LLC*, 672 F.3d 64, 73 (1st Cir. 2012).

More importantly, Plaintiffs now specifically plead certain facts that undermine their meager attempt to label certain conduct by Securus as intentional. In this regard, Plaintiffs now expressly aver that Securus "*exempts* certain calls from its program of intercepting, recording and distributing all inmates' calls," precisely so that inmates and their attorneys may "*avoid* having their calls recorded." ECF No. 51-1 (Proposed Second Amend. Compl.) ¶ 20 (emphases added). Although Plaintiffs also admittedly allege (unspecified) difficulties with this system—alternately characterizing them as "hoops" through which to jump and procedures "inadequately explained" or "ineffective," *id*. ¶¶ 20 & 21—Plaintiffs' allegations about these difficulties lack sufficient detail to support a plausible claim that Securus had a conscious objective to foreclose the very exemptions it otherwise makes available. *See, e.g., Malgieri v. Ehrenberg*, No. 12-CV-2517 (CS), 2012 U.S. Dist. LEXIS 181042, at *16, 2012 WL 6647515, * 6 (S.D.N.Y. Dec. 21, 2012) ("[N]ot only does the FAC not plead facts plausibly supporting that characterization, but it in fact says otherwise . . . .").

In its dismissal order, the Court suggested that Plaintiffs might assert a viable claim if they "allege that Securus was sufficiently aware of any laxity in the jails' procedures such that its continuing to record unprotected phone calls, without taking affirmative steps to address the issue, establishes that it intended to record attorney-client calls." ECF No. 50 (Order) at 13. Plaintiffs' new pleading fails to do this.

Instead, Plaintiffs simply suggest, "upon information and belief," that "Securus was aware that the system it operated in Maine would continue intercepting, recording and distributing calls between inmates and their attorneys." ECF No. 51-1 (Proposed Second Amend. Compl.) ¶ 5. Because Plaintiffs identify no factual basis for this allegation, it runs afoul of proper "information and belief" pleading, which conveys factual allegations based on "secondhand information" that nevertheless should be "set forth." *Menard*, 698 F.3d at 44 & n.5. Simply reciting "information and belief" as a mantra cannot serve as a license for "pure speculation" in the absence of undisclosed facts. *Id.* at 44.

Plaintiffs also fail to cure their deficient pleadings by now alleging that Securus left in charge of the privilege screening process "many jails [that] had not successfully screened out confidential calls in the past and . . . [with] little incentive to ensure the appropriate calls were in fact screened." ECF No. 51-1 (Proposed Second Amend. Compl.) at ¶ 4. Once again, these allegations are bereft of plausibly pleaded facts. Among other things, Plaintiffs plead no facts identifying the jails at issue in this lawsuit among those that allegedly failed to screen out confidential calls or lack an incentive to correct this purported problem. This omission is especially important because the context of the allegation suggests that it may refer only to jails in *other* jurisdictions. *See id.* ¶¶ 3-4. Regardless, Plaintiffs fail to plead an awareness by Securus of any specific deficiency in the carceral facilities at issue, much less one so egregious that its mere act of "continuing to record unprotected phone calls, without

taking affirmative steps to address the issue, establishes that it intended to record attorney-client calls." ECF No. 50 (Order) at 13.

Plaintiffs instead resort to contending that the "sheer number of recorded attorney-client calls and lawsuits showing that Securus' system has recorded attorney-client privileged calls" suggests that something (unidentified) does not work about "Securus' procedures for exempting calls."[3] ECF No. 51-1 (Proposed Second Amend. Compl.) ¶ 21. But the Court has already observed that such matters do not plausibly establish a conscious objective by Securus to specifically record privileged calls. ECF No. 50 (Order) at 13 n.6. Perhaps in response, Plaintiffs now twice invoke the phrase "willfully blind" to characterize the relationship of Securus to the vaguely alleged failures of the exemption process. ECF No. 51-1 (Proposed Second Amend. Compl.) ¶¶ 1 & 22.

As the First Circuit has previously explained, the 1986 amendment to the Federal Wiretap Act, which created the "conscious objective" standard applied by the Court in its dismissal Order, was enacted "to change the state of mind requirement

---

[3] Setting aside for the moment that the procedures for exemption are actually set by the Maine Department of Corrections or the facilities with which Securus contracts, ECF No. 50 (Order) at 2, Plaintiffs' references to cases against Securus in other jurisdictions, *see* ECF No. 51-1 (Proposed Second Amend. Compl.) ¶¶ 3, 21, are "immaterial." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1226 (C.D. Cal. 2013) (striking similar allegations for this reason) (quoting *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009)); *see also Hicks v. Alarm.com Inc.*, 2020 U.S. Dist. LEXIS 157433, at *14 [2020 WL 9261758](E.D. Va. Aug. 6, 2020) (dismissing case). These cases failed to address or settled before addressing any claims under the Federal or Maine Wiretap Acts, and none applied the conscious objective standard. *See Austin Lawyers Guild v. Securus Techs., Inc.*, No. 1:14-cv-366(LY), 2015 WL 11237655 (W.D. Tex. Mar. 23, 2015)(dismissing case); *Romeo v. Securus Techs., Inc.*, No. 16-cv-01283 (S.D. Cal.)[ECF No. 184](settlement); *Johnson v. CoreCivic*, No. 4:16-cv-947-SRB, (W.D. Mo.) [ECF No. 275] (settlement); *Huff v. Corecivic, Inc.*, No. 2:17-cv-2320-JAR-JPO (D. Kan.) [ECF No. 177] (settlement).

from 'willful' to 'intentional'." *In re Pharmatrak, Inc.*, 329 F.3d 9, 23 (1st Cir. 2003). The Supreme Court has elaborated that this change "increased the scienter requirement" from willful to intentional "to ensure that only the most culpable could face liability." *Bartnicki v. Vopper*, 532 U.S. 514, 547 n.4 (2001). Even prior to this change, it had long been the law that "an act may be 'willful' if the offender shows 'indifference' to the rules; he need not be consciously aware that the conduct is forbidden at the time he performs it, but his state of mind must be such that, if he were informed of the rule, he would not care." *Brock v. Morello Bros. Constr., Inc.*, 809 F.2d 161, 164 (1st Cir. 1987). Willful blindness thus falls short of the conscious objective required by the Federal and Maine Wiretap Acts. As this Court recognized in its dismissal order, "[N]either negligence nor gross negligence satisfies the intent element required to find a [Federal Wiretap Act] violation." ECF No. 50 (Order) at 9 (quoting *In re HIPAA Subpoena*, 961 F.3d at 66).

### B. The Proposed Second Amended Complaint Is Futile Because The Identified Communications Are Subject To Other Exemptions Under The Federal and Maine Wiretap Acts.[4]

The Federal Wiretap Act provides an exception to liability for equipment being used by "an investigative or law enforcement officer in the ordinary course of his duties."[5] 18 U.S.C. § 2510(5)(a)(ii). The "routine and almost universal recording of

---

[4] Although Securus presented the following arguments to the Court in its motion to dismiss the First Amended Complaint, the Court did not address them because it concluded that the then-operative complaint failed to plausibly allege that Securus intentionally intercepted attorney-client phone calls, ECF No. 50 (Order) at 14 n.7. In their proposed amendments, Plaintiffs made no effort to cure the pleading defects previously identified by Securus and they accordingly leave the proposed Second Amended Complaint vulnerable to dismissal.

[5] To establish liability under Title III of the Electronic Communications Privacy Act of 1986 ("ECPA"), which included amendments to the Wiretap Act, the interception that would trigger liability must have been "through the use of any electronic, mechanical, or other device." 18 U.S.C. §§ 2510(4),

phone lines by police departments and prisons, as well as other law enforcement institutions, is exempt from the statute" for precisely this reason, as numerous courts have recognized. *Adams v. City of Battle Creek*, 250 F.3d 980, 984 (6th Cir. 2001); *see also United States v. Lewis*, 406 F.3d 11, 18 (1st Cir. 2005) (collecting cases and "join[ing] our sister circuits").

The Federal Wiretap Act specifically recognizes that an "interception under this chapter may be conducted in whole or in part by Government personnel, *or by an individual operating under a contract with the Government*, acting under the supervision of an investigative or law enforcement officer authorized to conduct the interception." 18 U.S.C. § 2518(5) (emphasis added). Courts thus routinely extend the law enforcement exception to protect private contractors as long as they acted "exclusively under the direction of . . . prison officials . . . did not listen to or monitor the calls; [and did not] have any discretion concerning which calls to record." *United States v. Rivera*, 292 F. Supp. 2d 838, 843 (E.D. Va. 2003); *see also, e.g., Randolph v. Nev. ex rel. Nev. Dep't of Corr.*, No. 3:13-cv-148-RCJ-WGC, at *8-9, 2013 WL 5818894 (D. Nev. Oct. 29, 2013) (granting prison telephone contractor's motion to dismiss with prejudice despite recording attorney-client privileged calls because of the law enforcement exception).

Plaintiffs plead facts that *support* the exception's application to Securus. Specifically, they aver that Securus operated "under contract with county jails in

---

2511(1). Law enforcement officers operating in the ordinary course of their duties are not deemed to be using a "device" for purposes of the ECPA. *Id.*

Maine," and allege no facts to suggest that Securus was anything more than an instrumentality of county officials. ECF No. 51-1 (Proposed Second Amend. Compl.) ¶ 1. Even if the Court accepts Plaintiffs' conclusory allegations of intent, their failure to allege that Securus listened to the calls, enjoyed discretion to choose which calls to record, or singled out any inmate calls for recording serves to trigger the exception. Indeed, the Plaintiffs aver that Securus' role was to "intercept[], record[] and distribut[e] *all* inmates' calls." *Id*. ¶ 20 (emphasis added). Under such an allegation, Securus' conduct is plainly reveled as part of a practice to "routinely monitor inmates' conversations" in the ordinary course of a law enforcement officer's duties, thereby exempting it from the Federal Wiretap Act. *Lewis*, 406 F.3d at 18 (citation omitted).

In step with its federal counterpart, the Maine Wiretap Act excludes from liability monitoring conducted by "a jail investigative officer or a jail employee acting at the direction of a jail investigative officer, carrying out practices otherwise permitted by this chapter." 15 M.R.S. § 710(5). The definition of "jail investigative officer" under the Maine statute includes "an employee of a jail" with "the authority to conduct investigations of crimes relating to the security or orderly management of the jail." 15 M.R.S. § 709(4-B). Just as federal courts have interpreted the Wiretap Act, so too should this Court interpret its Maine counterpart to permit a government contractor such as Securus to qualify for the jail investigative officer exception. *See Thayer Corp. v. Reed*, No. 2:10-cv-00423-JAW, 2011 U.S. Dist. LEXIS 74229, at *13, 2011 WL 2682723 (D. Me. Jul. 11, 2011) (looking to federal law to properly construct

Maine's state counterpart). Regardless, pleaded inadvertence of any privilege violation cannot support liability under the Maine statute. *See id.*

The jail call recordings about which Plaintiffs complain do not qualify for protection under the Maine Wiretap Act, in any event, because they are not "intercept[ed] . . . wire or oral communication[s]" for purposes of the Act. 15 M.R.S. § 710(1). "An '[i]ntercepting device' means 'any device or apparatus which can be used to intercept a wire or oral communication' *other than* (A) a telephone or telegraph instrument, equipment or facility or component thereof used by *a communication common carrier in the ordinary course of its business* . . . . 15 M.R.S. § 709(3)." *Griffin v. Griffin*, 2014 ME 70, ¶19 n.4, 92 A.3d 1144(emphases added); *see also* 15 M.R.S. § 709(1) (defining "[c]ommunication common carrier" as "any telephone or telegraph company"). Because Plaintiffs do not allege that Securus did anything outside the ordinary scope of its business pursuant to contract when it recorded the jail calls at issue, *see* ECF No. 51-1 (Proposed Second Amend. Compl.) ¶¶ 1, 20, their Maine Wiretap Act claim necessarily fails.

### C.    Because The Proposed Second Amended Complaint Is Futile, This Court Should Deny Plaintiffs' Motion For Leave To Amend And Dismiss The Case Against Securus With Prejudice.

"Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 59 (1st Cir. 1990). Because Plaintiffs have failed to allege facts that plausibly support a conclusion that Securus acted with the conscious objective of recording privileged calls, and independently falls within exceptions to the wiretap statutes, their proposed Second Amended Complaint should not proceed.

14

*See, e.g.*, *In re Pharmatrak, Inc. Privacy Litig.*, 329 F.3d at 23; *see also, e.g.*, *Evans v. Skolnik*, No. 3:08-cv-00353-RCJ-VPC, 2009 U.S. Dist. LEXIS 104430, at *13-16 2009 WL 3763041, *5-6 (D. Nev. Nov. 5, 2009) (dismissing Federal Wiretap Act claim premised on conclusory allegations that defendants "intentionally" intercepted his attorney-client telephone calls), *aff'd* 637 F. App'x 285, 287 (9th Cir. 2015); *Butera & Andrews v. IBM Corp.*, 456 F. Supp. 2d 104  (D.D.C. 2006) (dismissing case lacking allegations that defendant's interception of plaintiff's electronic communications was intentional); *cf. Greenfield v. Kootenai* County, 752 F.2d 1387 (9th Cir. 1985) (holding routine recordings of incoming calls was not a violation of federal wiretap laws).

## V.    CONCLUSION

For all the foregoing reasons, Securus respectfully requests that the Court deny Plaintiffs' motion for leave to file their proposed Second Amended Complaint, and dismiss the case against Securus with prejudice.

Dated: June 1, 2021                    Respectfully submitted,


                                       */s/ Jason J. Theobald*
                                       Richard Olson
                                       Jason J. Theobald
                                       CURTIS THAXTER LLC
                                       One Canal Plaza, Suite 1000
                                       P.O. Box 7320
                                       Portland, Maine 04112-7320
                                       Tel: 207-774-9000
                                       Email: rolson@curtisthaxter.com
                                                 jtheobald@curtisthaxter.com

Admitted *Pro Hac Vice*:
Adam R. Fox (CABN 220584)
Gabriel Colwell (CABN 216783)
Marisol C. Mork (CABN 265170)
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Email: adam.fox@squirepb.com
       gabriel.colwell@squirepb.com
       marisol.mork@squirepb.com

*Counsel for Defendant*
*Securus Technologies, LLC f/k/a Securus*
*Technologies, Inc.*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause an electronic notice to be sent to all registered counsel of record.


Dated:  June 1, 2021                    */s/ Jason J. Theobald*
                                        Counsel for Defendant
                                        Securus Technologies, LLC,
                                        f/k/a Securus Technologies, Inc.